Colleen Duffy-Smith (161163)
Morgan Duffy-Smith & Tidalgo LLP
1960 The Alameda, Suite 220
San Jose, CA 95126
Telephone: (408) 244-4570
Telecopy: (408) 423-8830
Email: cduffysmith@mdstlaw.com

Attorneys for the Plaintiffs

[Additional counsel for the parties appear on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| SARAH PEREZ; MICHELLE LACKNEY; RACHEL STEWART; RACHEL HARDYCK on behalf of themselves and all others similarly situated; <br><br> Plaintiffs, <br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE an Illinois corporation; <br><br> ALLSTATE INDEMNITY CO., an Illinois corporation; <br><br> GEICO GENERAL INSURANCE, a Maryland corporation; <br><br> CERTIFIED AUTOMOTIVE PARTS ASS'N doing business in Washington, D.C.; <br><br> LIBERTY MUTUAL FIRE INS. CO., a Massachusetts corporation; and <br><br> UN-NAMED INSURANCE CONSPIRATORS <br><br> Defendants. | CASE NO. CO6-1962 JW (PVT) <br><br> **ADMINISTRATIVE REQUEST FOR ENTRY OF STIPULATED PROTECTIVE ORDER, PURSUANT TO L.R. 7-11** |

On behalf of all the parties, Plaintiffs, SARAH PEREZ; MICHELLE LACKNEY; RACHEL STEWART; and RACHEL HARDYCK, respectfully ask the Court to enter the attached Stipulated [Proposed] Protective Order (the "proposed Order").

The parties have met and conferred and have agreed to the form of the attached proposed Order, and as shown by the parties' signatures, each party has so stipulated to its entry through their/its attorneys of record.

Should the proposed Order meet with the Court's approval, the parties request the Court to enter it forthwith.

Dated: January 5, 2011                    MORGAN DUFFY-SMITH & TIDALGO LLP


                                          By: _____/s/_____
                                              Colleen Duffy-Smith, Esq.


## ORDER

The Administrative Request for Entry of Stipulated [Proposed] Protective Order is granted, and the Court shall enter the Stipulated Protective Order forthwith.


                                          _____
                                          Patricia V. Trumbull
                                          United States District Magistrate Judge

| | |
|---|---|
| **On Behalf of All Plaintiffs** | **On Behalf of All Defendants** |
| James McManis<br>State Bar No. 40958<br>Michael Reedy<br>State Bar No. 161002<br>McManis Faulkner<br>50 W. San Fernando St.<br>San Jose, CA 95113<br>Telephone: (408) 279-8700<br>Telecopy: (408) 279-3244<br>jmcmanis@mfmlaw.com | Raoul Kennedy<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Embarcadero Center, Suite 3800<br>San Francisco, CA 94111<br>Telephone: 415-984-6450<br>rkennedy@skadden.com |
| R. Stephen Berry<br>D.C. Bar No. 234815<br>Berry Law PLLC<br>1717 Pennsylvania Ave. NW<br>Suite 450<br>Washington, DC 20006<br>Telephone: (202) 296-3020<br>Telecopy: (202) 296-3038<br>sberry@berrylawpllc.com | Phillip Leider<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Embarcadero Center, Suite 3800<br>San Francisco, CA 94111<br>Telephone: 415-984-6471<br>pleider@skadden.com |
| Steven F. Benz<br>D.C. Bar No. 428026<br>Kellogg, Huber, Hansen, Todd, Evans<br>  & Figel PLLC<br>1615 M St., N.W.<br>Suite 400<br>Washington, D.C. 20036<br>Telephone: (202) 326-7900<br>Telecopy: (202) 326-7999<br>sbenz@khhte.com | Richard L. Fenton<br>SNR Denton US LLP<br>233 S. Wacker Drive<br>8000 Sears Tower<br>Chicago, IL 60606<br>Telephone: 312-876-3170<br>spastroff@sonnenschein.com |
| Colleen Duffy-Smith<br>State Bar No. 161163<br>Morgan Duffy-Smith & Tidalgo LLP<br>1960 The Alameda<br>Suite 220<br>San Jose, CA 95126<br>Telephone: (408) 244-4570<br>Telecopy: (408) 423-8830<br>cduffysmith@mdstlaw.com | Steven H. Frankel<br>SNR Denton US LLP<br>685 Market Street<br>San Francisco, CA 94105<br>Telephone: 415-882-2410<br>sfrankel@sonnenschein.com |
| *Counsel for Plaintiffs* | Robert J. Gibson<br>Snell & Wilmer<br>600 Anton Blvd., Ste 1400<br>Costa Mesa, CA 92626<br>Telephone: 714-427-7001<br>hgibson@swlaw.com |
| | Sheila Carmody<br>Snell & Wilmer<br>One Arizona Center<br>Phoenix, AZ 85004<br>Telephone: 602-382-6268<br>scarmody@swlaw.com |

ADMINISTRATIVE REQUEST FOR ENTRY OF STIPULATED
PROTECTIVE ORDER, PURSUANT TO L.R. 7-11
Case No. 5:06-cv-01962-JW-PVT – Page 3

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

Mike Kenny
Cari Dawson
Alston & Bird
One Atlantic Center
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404-881-7179
mkenny@alston.com
cdawson@alston.com

Simon M. Kann
2026 Mendon Avenue
Rancho Palos Verdes, CA 90275
simonkann@gmail.com

Cari Dawson
Alston and Bird
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404-881-7766
cdawson@alston.com

Carol A. Rutter (Admitted *Pro Hac Vice*)
Mark G. Arnold (Admitted Pro Hac Vice)
Husch & Eppenberger LLC
190 Carondelet Plaza, Suite 6090
St. Louis, MO 63105
Telephone: 314-480-1500
Facsimile: 314-480-1505
carol.rutter@Husch.com
mark.arnold@Husch.com

David A. DeGroot, Ca. Bar No. 168073
Sheppard, Mullin, Richter & Hampton, LLP,
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
Telephone: 415-434-9100
Facsimile: 415-434-3947
ddegroot@sheppardmullin.com

ADMINISTRATIVE REQUEST FOR ENTRY OF STIPULATED
PROTECTIVE ORDER, PURSUANT TO L.R. 7-11
Case No. 5:06-cv-01962-JW-PVT – Page 4

Frank Falzetta, Ca. Bar No. 125146
Sheppard, Mullin, Richter & Hampton, LLP,
333 South Hope Street, 48th Floor
Los Angeles, CA  90071
Telephone: 213-617-4194
Facsimile: 213-620-1398
ffalzetta@sheppardmullin.com

*Counsel for Defendants*

ADMINISTRATIVE REQUEST FOR ENTRY OF STIPULATED
PROTECTIVE ORDER, PURSUANT TO L.R. 7-11
Case No. 5:06-cv-01962-JW-PVT -- Page 5

Steven H. Frankel (SBN 171919)
Bonnie Lau (SBN 246188)
SNR DENTON US LLP
525 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email:   steven.frankel@snrdenton.com
         bonnie.lau@snrdenton.com

Richard L. Fenton (admitted *pro hac vice*)
SNR DENTON US LLP
233 S. Wacker Drive, Suite 7800
Chicago, Illinois 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
Email:   richard.fenton@snrdenton.com

Attorneys for Defendant
ALLSTATE INDEMNITY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SARAH PEREZ; MICHELLE LACKNEY; RACHEL STEWART; RACHEL HARDYCK, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUT. AUTO. INS. CO., an Illinois corporation; ALLSTATE INS. CO., an Illinois corporation; GEICO, a Maryland corporation; CERTIFIED AUTO. PARTS ASS'N, doing business in Washington, D.C.; LIBERTY MUT. INS. CO., a Massachusetts corporation; and UN NAMED INSURANCE CONSPIRATORS,<br><br>Defendants. | Case No. C06-01962 (JW) (PVT)<br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, the parties are engaged in discovery under the Federal Rules of Civil Procedure and the Local Rules of this Court, which will involve, among other things, the production or disclosure of information deemed confidential, including proprietary commercial information. This proposed Stipulated Protective Order ("Order") applies to Material produced in discovery in the above-captioned action (the "Action") and to all Confidential and Highly Confidential information produced by a party in the Action, whether revealed in a document, deposition, an interrogatory answer or otherwise. All Material exchanged in this case may be used for purposes of this litigation only and may not be provided to any third parties, except under the terms and conditions set forth in this Order.

WHEREFORE, the following is hereby stipulated by the parties and ORDERED BY THE COURT:

1. **DEFINITIONS**:

    1.1   "Material" refers to any document, data compilation, testimony, recordings, electronically stored data, or other information in any form produced or disclosed in this action, whether voluntarily or through any means of discovery, and whether by a party or non-party to this action.

    1.2   Material may be deemed "Confidential" if it contains or reveals trade secrets or other non-public, financial, personal, proprietary, or competitively sensitive information.

    1.3   Material may been deemed "Highly Confidential" if good cause exists to permit disclosure of the confidential Material only to the attorneys for the parties (including in-house counsel), their experts, and the Court, and not to any other person or entity, including the parties themselves.

    1.4   "Disclosing Party" refers to a party or non-party to this action who produces Material.

    1.5   "Designating Party" refers to a party or non-party to this action who designates Material as Confidential or Highly Confidential.

    1.6   "Requesting Party" refers to a party who has made a discovery request.

1.7     "Receiving Party" refers to a party who receives Material.

2.      **SCOPE OF PROTECTIVE ORDER**

2.1     To be subject to the particular confidentiality protections of this Order, Material must (1) be Confidential or Highly Confidential within the meaning of Sections 1.2 and 1.3 of this Order; and (2) be designated Confidential or Highly Confidential pursuant to Section 3 of this Order. Confidentiality designations shall be made in good faith.

2.2     The protections of this Order shall not apply to Material that, prior to disclosure in this action, was within the actual possession or knowledge of a Receiving Party or was actually public knowledge, provided that the Material did not become public knowledge through an act or omission of a Receiving Party.

3.      **DESIGNATION OF MATERIAL AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL**

3.1     Methods of Designation

3.1.1   A Disclosing or Designating Party may designate Material as Confidential by placing or affixing on the Material in a manner that will not interfere with its legibility the word "CONFIDENTIAL." A Disclosing or Designating Party may designate Material as Highly Confidential by placing or affixing on the Material in a manner that will not interfere with its legibility the words "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY."

3.1.2   If an interrogatory or other discovery request calls for Confidential or Highly Confidential Material, the confidential or highly confidential portion of the response shall be provided in a separate document appended to the main body of the responses and incorporated by reference therein. In the main body of the response to the interrogatory or written discovery request, the response shall state:

"Requests information that is restricted from disclosure; see response contained in addendum, which response is incorporated herein by reference."

3.1.3   Transcripts of any depositions in this action shall be treated as Highly Confidential until the expiration of 20 days after the court reporter delivers the

transcript of the deposition to all counsel who request a copy (or within 20 days after the entry of this Order for any deposition transcripts delivered before the effective date of this Order.) If counsel for any party believes that the deposition transcript or a portion thereof is Confidential or Highly Confidential pursuant to Sections 1.2 or 1.3, counsel shall, within the 20-day period, designate in writing the specific pages and lines deemed Confidential or Highly Confidential, and shall notify all parties and the court reporter. Portions of testimony taken during depositions may also be designated Confidential or Highly Confidential by counsel so stating on the record during the deposition, and in such event no further action need be taken to preserve the confidentiality of that portion (or portions) of the transcript. In the event an attorney designates testimony as Confidential or Highly Confidential during the course of a deposition, the parties, attorneys, witnesses, court reporters, and anyone else present at the deposition shall take appropriate measures to protect the confidentiality of the testimony to be given, including, e.g., removing parties or persons not authorized to hear the testimony.

        3.1.4    When Confidential or Highly Confidential Material is supplied or stored on an electronic, digital, or magnetic medium, the confidentiality designation shall be made, to the extent physically possible, on the medium itself (such as on a label attached to a disk), on the sleeve, envelope, box, or other container of the medium, and within the medium itself in a manner that immediately and consistently informs those person who access the medium that they have accessed Material that is Confidential or Highly Confidential.

        3.1.5    The parties may designate Material as Confidential or Highly Confidential after providing access thereto to the Receiving Party without waiving the right to make such designations, so long as such designations are made within 10 days or such other time period as may be agreed upon by the Disclosing and Receiving Parties at the time of production (the "Interim Period"), in the manner prescribed herein, after such Material is reviewed by the Receiving Party. During the Interim Period, the Receiving Party shall treat all Material as Highly Confidential.

        3.2    <u>Challenges to Confidentiality Designations</u>

   3.2.1 A Receiving Party may challenge the confidentiality designation of the Designating Party by making an appropriate motion. Once a Receiving Party challenges the confidentiality designation of a Designating Party, the Designating Party shall bear the burden of proving that the Material at issue is Confidential or Highly Confidential, pursuant to Sections 1.2 or 1.3, depending on the designation. The parties shall meet and confer in a good faith attempt to resolve any issues before engaging in motion practice pursuant to this section.

   3.2.2 Pending ruling on a motion under Section 3.2.1, the Material in question shall be treated as Confidential or Highly Confidential, according to the designation, and subject to the protections of this Order.

   3.2.3 No party shall be obligated to challenge the propriety of a Confidential or Highly Confidential designation, and a failure to do so shall not preclude a subsequent challenge to the propriety of such a designation.

   3.2.4 Prior to bringing any motion challenging the propriety of a Confidential or Highly Confidential designation pursuant to Section 3.2.1, the Receiving Party shall notify the Disclosing Party in writing of its objections to any Confidential or Highly Confidential designation, specifying the Material to which the designations pertain and the basis for the Receiving Party's objection. The parties shall confer either in person or telephonically within 14 days after such notification, and attempt to resolve any differences in good faith. No motion under Section 3.2.1 shall be filed until after the parties have conferred and have been unable to resolve their differences in accordance with this section.

**4.**  **<u>DISCLOSURE, USE, AND HANDLING OF MATERIAL DESIGNATED AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL</u>**

  4.1 <u>Use and Handling of Confidential and Highly Confidential Material</u>

   4.1.1 Material designated as Confidential or Highly Confidential by a Designating Party shall not be used or disclosed by any Receiving Party or its counsel for any purpose other than the prosecution or defense of this action, including appeals. This Order's restrictions on the disclosure of Confidential or Highly Confidential Material applies to all

disclosures or publication of Material whatsoever, including, without limitation, court filings or other disclosures in the public record, as well as any portion of any brief, pleading, exhibit, transcript, or other document that contains or reveals such Confidential or Highly Confidential Material, whether in these proceedings or any other proceedings.

        4.1.2   To the extent that any party wishes to file Materials with the Court, including pleadings, exhibits, hearing or trial transcripts, answers to interrogatories, transcripts of deposition, and responses to requests for admissions, that contain or reveal Confidential or Highly Confidential Material, such Materials shall be filed with the Court under seal in accordance with the procedures set forth in Local Rule 79-5 and General Order No. 62 and subject to further orders of the Court. Courtesy copies of such Materials shall be delivered to the Court's chambers in a sealed envelope marked with the case name and cause number and prominently labeled: CONFIDENTIAL (or HIGHLY CONFIDENTIAL) MATERIALS PURSUANT TO PROTECTIVE ORDER. The first or cover page of any such Materials submitted to the Court's chambers also shall bear the same prominent confidentiality designation.

        4.1.3   All pages of all copies, duplicates, extracts, summaries, or descriptions (collectively, "copies") of Materials designated as Confidential or Highly Confidential, or any portion thereof, shall immediately be affixed with the appropriate confidentiality designation under Section 3.1.1, if those words do not already appear on the copies.

        4.1.4   Nothing in this Order shall prohibit parties or their counsel from transmitting Confidential or Highly Confidential materials through the mail, by other common carrier, or by non-public telephonic transmission, including directed internet (i.e., non-broadcast email), so long as the transmission is for purposes of this litigation. However, under no circumstances may material designated as Confidential or Highly Confidential be posted on a publicly available internet web site.

        4.1.5   Material designated as Confidential or Highly Confidential shall not lose its protected status through disclosure, either intentionally or inadvertently, by a

Disclosing Party or Receiving Party. In the event of such a disclosure, the parties shall take all steps reasonably required to assure the continued confidentiality of the Material.

4.1.6   Within 90 days of final adjudication, including but not limited to final adjudication of any appeals or petitions or extraordinary writs, all Material designated as Confidential or Highly Confidential under this Order and not received in evidence or contained in pleadings filed with the Court shall be returned to the Disclosing Party at the Disclosing Party's expense. If the Disclosing Party agrees in writing, the Material may be destroyed by the Receiving Party.

### 4.2   Permitted Disclosures

Other than as provided in Sections 2.2 and 4.1.4, disclosure of Material designated as Confidential or Highly Confidential may be made only in the following circumstances:

4.2.1   Unless otherwise prohibited by this Order, Confidential Material may be disclosed only to named parties to this litigation, to their counsel of record, and to the employees of counsel who have direct working responsibilities in connection with this litigation, present or former officers, directors, partners and employees of a party to this litigation, including in-house counsel for the parties, who are required to provide assistance in the conduct of this litigation; and non-party consultants, investigators, experts or opinion witnesses (collectively "experts") employed by counsel for the parties to assist in the preparation and trial of the lawsuit, provided that such experts are first advised of, and agree to be bound by, the provisions of this Order, and sign a Confidentiality Declaration in the form attached hereto as Exhibit A. If any individual is shown to have violated the terms of this Order at any time, he or she is subject to being held in contempt by this Court.

4.2.2   Highly Confidential material may be disclosed to: counsel of record in this litigation; the employees of counsel who have direct working responsibilities in connection with this litigation, and non-party consultants, investigators, experts or opinion witnesses (collectively "experts") employed by counsel for the parties to assist in the preparation and trial of this lawsuit, provided that any such expert is first advised of, and agrees to be bound by, the provisions of this Order and signs a Confidentiality Declaration in

the form attached hereto as Exhibit A. This Order does not prohibit disclosure of Highly Confidential material to in-house counsel for any party who has direct working responsibilities in connection with this litigation, and for the sole purpose of work on this litigation, so long as such material is not further disclosed by such in-house counsel except in compliance with this Order. If any individual is shown to have violated the terms of this Order at any time, he or she is subject to being held in contempt by this Court.

4.2.3   Nothing in this Order shall prohibit the use of Material designated as Confidential or Highly Confidential during depositions of corporate designees from the Designating Party. However, any document designated as Highly Confidential by the Designating Party may only be utilized by the attorneys of record and in-house counsel for any party in compliance with 4.2.2 above and may not in anyway be disseminated or transferred to their respective clients.

4.2.4   Confidential or Highly Confidential Material may be disclosed to: (a) the Court, and to court personnel in accordance with 4.1.2 above; (b) to court reporters engaged for depositions in this litigation and (c) to those persons, if any, specifically engaged for the limited purpose of making copies of Materials, provided that persons described in subparagraphs (b) and (c) above must first be advised of, and agree to be bound by, the provisions of this Order and sign a Confidentiality Declaration in the form attached hereto as Exhibit A.

4.2.5   If any third party (i.e., someone who is not a party to this litigation) demands by subpoena the production of Confidential or Highly Confidential Material from a Receiving Party, the Receiving Party served with the third-party subpoena must notify all other parties to this litigation within five days of receipt of the subpoena (or as much in advance of the subpoena return date as possible if the subpoena purports to demand production on less than five days notice). Each Disclosing Party that produced the Material shall have the right to either object or move to quash the subpoena. If the Disclosing Party objects or moves to quash within the applicable response time, the Receiving Party shall not produce the Material until the objection or motion to quash is resolved by the Court.

    4.2.6 Nothing in this Order shall limit or otherwise govern the use a party may make of its own Confidential or Highly Confidential Material, including without limitation, party's right to disclose its own Confidential or Highly Confidential Material to its own officers, directors and employees.

### 5. OTHER PROVISIONS

  5.1 No Material may be withheld from discovery on the ground that the Material to be disclosed requires protection greater than that afforded by this Order, unless the party claiming a need for greater protection moves the Court for an order providing such special protection before the date production is due.

  5.2 Any third party producing Materials in this action may be included in this Order by endorsing a copy of this Order and delivering it to the Requesting Party, who, in turn, shall file it with the Court and serve it upon counsel for the other parties.

  5.3 This Order shall not prevent any party from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify this Order, subject to the approval of the Court, including, but not limited to such other or further protection as may be required at trial or in connection with any public hearings in this matter.

  5.4 This Order shall not preclude any party from enforcing its rights against any other party, or any non-party, believed to be violating its rights under this Order.

  5.5 In addition to such other remedies as may be available at law or in equity, violation of the terms of this Order may constitute a contempt of this Court, which may result in the imposition of sanctions, including, inter alia, an award of damages, costs, attorneys' fees, fines and/or jail time.

  5.6 Until such time as this Order has been entered by the Court, the parties agree that, upon and after execution by the parties, it will be treated as though it has been entered by the Court.

  5.7 The provisions of this Order, including the limitations on the use and disclosure of Confidential or Highly Confidential Material, shall continue in force and effect after the conclusion of this litigation.

-8-

Case No. C06-01962 (JW) (PVT)      STIPULATED PROTECTIVE ORDER

5.8     Some of the parties in the instant action have produced Material in *Gilchrist v. State Farm Mutual Automobile Insurance Co. et al.* (N.D. Fl.), *Shannon Hobbs et al. v. State Farm Mutual Automobile Insurance Co. et al.*, Case No. 99-L-1068 (Ill. 3d Cir. Madison County, IL), and *Avery v. State Farm Automobile Insurance Co,* Case No. 97 L 114 (Williamson County, IL).. Such Material need not be reproduced in this matter and may be used in a manner consistent with this Order. and any protective order entered in any of the matters listed above.

APPROVED AND ORDERED this \_\_\_28th\_\_\_ day of \_\_January_____, 201(X 1

_____
The Honorable JXXXXXXXX Paul S. Grewal
U.S. Magistrate  XXXX Judge, United States District Court
for the Northern District of California

## EXHIBIT A

I hereby acknowledge that I have received and read a copy of the Stipulated Protective Order in the action entitled *Perez v. State Farm Mutual Auto. Ins. Co. et al.*, United States District Court for the Northern District of California, Case No. C06-01962 (JW) (PVT). I agree to be bound by the provisions of the Stipulated Protective Order with respect to any Confidential or Highly Confidential Material disclosed to me, and I specifically agree that I will not reveal, communicate, or use any Confidential or Highly Confidential Material except in accordance with the terms of the Stipulated Protective Order. I further agree to return any Confidential or Highly Confidential Material and all copies thereof provided to me to the party or counsel who provided such Confidential or Highly Confidential Material to me.

I hereby submit to the jurisdiction and venue of the United States District Court for the Northern District of California for all purposes relating to the enforcement of the provisions of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2011, at _____.

(city, state)

_____
Signature

_____
Name