1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

13  SARAH PEREZ, ET AL.,                          )          Case No.: C-06-01962 JW (PSG)
                                                 )
14              Plaintiffs,                       )          **ORDER GRANTING DEFENDANT**
         v.                                       )          **GEICO'S MOTION TO COMPEL**
15                                                )
    STATE FARM MUTUAL                             )          (Docket No. 254)
16  AUTOMOBILE INS. CO., ET AL.,                   )
                                                 )
17              Defendants.                        )
    _____          )
18

19      Defendant GEICO General Insurance Company ("GEICO") moves to compel Plaintiff

20  Rachel Stewart ("Stewart") to respond further to certain questions at deposition and to produce

21  documents.  Plaintiffs Sarah Perez, Michelle Lackney, Stewart and Rachel Hardyck, on behalf of

22  themselves and all others similarly situated (collectively "Plaintiffs"), oppose the motion.  On

23  April 19, 2011, the parties appeared for hearing.  Having reviewed the papers and considered the

24  arguments of counsel, GEICO's motion to compel is GRANTED.

                                        **I. BACKGROUND**
25
        Following Judge Ware's November 11, 2010 Scheduling Order authorizing class
26
    discovery, Plaintiffs tendered Stewart - a class representative - for deposition. Stewart is a
27
    GEICO policyholder.  On February 22, 2011, GEICO deposed Stewart for approximately 2
28

ORDER, *page 1*

1 hours and 45 minutes.[1] GEICO complains that during the course of Stewart's deposition,

2 Plaintiffs' counsel objected 49 times, that same counsel instructed Stewart not to answer certain

3 questions 39 times, and that same counsel advised GEICO's counsel that she was violating a

4 court order 24 times.[2] GEICO further contends that Plaintiffs' counsel may have coached

5 Stewart by repeatedly nodding his head (yes or no) in response to certain questions.

6 In the notice of deposition to Stewart dated January 28, 2011, GEICO also included a

7 request for 15 categories of documents. These documents have not been produced.

8 ## II.  LEGAL STANDARD

9 Rule 26(b) states that a party may obtain discovery regarding any matter, not privileged,

10 that is relevant to the claim or defense of any party.   "For good cause, the court may order

11 discovery of any matter relevant to the subject matter involved in the action."   "Relevant

12 information need not be admissible at trial if the discovery appears reasonably calculated to lead

13 to the discovery of admissible evidence."

14 "Discovery relating to class certification is closely enmeshed with merits discovery, and

15 in fact cannot be meaningfully developed without inquiry into basic issues of the litigation."[3]

16 "[D]iscovery can certainly be relevant both to class certification issues and to the merits."[4]

17 "Under liberal discovery principles of the Federal Rules [a party opposing discovery is] required

18 to carry a heavy burden of showing why discovery was denied."[5]

19 ## III.  DISCUSSION

20 **A.     GEICO's Motion to Compel Further Deposition**

21 **1.      Specific Questions Regarding Stewart's Own Claims**

22 GEICO argues that questions regarding Stewart's own claims history are relevant to

---

[1]  *See* Docket No. 255, Exh. 2, March 25, 2011 Decl. of Sheila Carmody (Depo. Tr. of Hilda R. Stewart).

[2]  *See* Docket No. 169 (bifurcating class certification discovery and merits discovery).

[3]  *See Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 41 (N.D.Cal. 1990).

[4]  *See Ho v. Ernst & Young, LLP,* Case No. C 05-4867 JF (HRL), 2007 WL 1394007, at *1 (N.D.Cal. May 9, 2007).

[5]  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975).

ORDER, *page 2*

1   determining whether she is an adequate representative for the class and whether her claims are

2   typical of other putative class members.  Specifically, GEICO argues that Stewart's claims

3   history and GEICO's claims payments to her and her family in excess of $30,000 may have

4   impacted the premiums she was charged, making her claims not typical of other putative class

5   members.

6          Plaintiffs argue that the questions regarding Stewart's own claims are not relevant

7   because the case relates to rates and not claims.[6]  Citing Fed. R. Civ. P. 30(c)(2), Plaintiffs

8   contend that their counsel's instructions to Stewart not to answer certain questions was properly

9   directed to enforcement of Judge Ware's order limiting discovery at this time to just class

10  certification issues and was limited to two topics only: (1) specific claims made by Stewart on

11  her GEICO policy and estimates written on those claims for her GT Mustang, Mini Cooper,

12  Toyota Highlander, Mazda Miata and another unspecified vehicle; and (2) the total number of

13  claims and repairs Stewart made on her GEICO policy and the total amount paid on those claims.

14

15         The Ninth Circuit has characterized the injury alleged by Plaintiffs as "anticompetitive

16  prices charged to all policyholders."[7] Because Stewart's own claims do appear relevant to the

17  rate, or price, she was charged,[8] and therefore whether she is an adequate class representative

18  and whether her claims regarding excessive rates are typical of  other putative class members,

19  Stewart shall respond to questions regarding her own claims.  Accordingly, GEICO's motion to

20  compel Stewart to further respond to certain questions is GRANTED.  Plaintiff shall make

21  Stewart available for two hours of further deposition no later than April 30, 2011.

22

23     [6]    In describing the nature of Plaintiffs' claims, the parties dispute whether "rates" are the
same thing as "premiums."  Because a resolution of this dispute is not necessary for purposes of
24  resolving the pending motion, the court will for the time being accept Plaintiffs' characterization
of its claims as relating to "rates," without prejudice to any party's position on the issue.

25

26     [7]    *Perez v. State Farm Mut. Auto. Ins. Co.,* 319 Fed. Appx. 615, 617 (9th Cir. 2009).  The
court notes that, in confirming Plaintiffs' standing "regardless of whether any particular insured
ever has a repair need," the Ninth Circuit did not address the separate requirements of Fed. R.
27  Civ. P. 23.

28     [8]    *See* Docket No. 255, Exh. 6, March 25, 2011 Decl. of Sheila Carmody (Decl. of  Stephen
Riihimaki).

ORDER, *page 3*

1

**2.      Further Deposition Conduct**

2      Based on the conduct observed by the court in reviewing the entire video of Stewart's

3    deposition, the court is obligated to address how depositions should be conducted going forward.

4    In the further Stewart deposition and any other depositions in this case, counsel shall refrain

5    from engaging in speaking objections or engaging in other colloquy.  All objections to the form

6    of a question shall be made on the record by stating "objection, form."  Deposing counsel may

7    ask for clarification of the objection if he or she so chooses, and in that event, counsel defending

8    that deposition may respond.  Otherwise, counsel defending the deposition shall make no further

9    statement about the pending question, nor ask the deposing attorney for clarification.  However,

10   the *deponent* may ask for clarification of any question if in good faith she does not understand

11   any portion of it.  If a question calls solely for privileged information, counsel defending the

12   deposition may instruct the witness not to answer by stating "objection, privilege, I instruct the

13   witness not to answer."  If the full response to a question might include both privileged and

14   unprivileged information, counsel shall state the objection by saying "objection to the extent the

15   question calls for privileged information," and the deponent shall provide only the unprivileged

16   information, if any.  Similarly, counsel may instruct a witness not to answer in order to enforce a

17   court order or present a motion under Fed. R. Civ. P. 30(d)(3).[9]  Any objections on the grounds

18   of relevance or on any other basis are preserved for trial and shall not be stated on the record.

19   **B.      GEICO's Motion to Compel Production of Documents**

20      In the notice of deposition to Stewart, GEICO included a request for production of

21   documents.  To avoid any further delay in scheduling Stewart's deposition, GEICO withdrew its

22   request that she produce responsive documents at or before her deposition.  During Stewart's

23   deposition, GEICO learned that the entire quantity of responsive documents is approximately

24   one inch thick.  GEICO argues that the documents sought remain relevant and that Stewart

25   should be compelled to produce them in advance of the further Stewart deposition.

26      Plaintiffs argues that GEICO's request for documents was withdrawn.

27      The court agrees with GEICO.  Based on the written communications submitted, the

28

[9]   *See* Fed. R. Civ. P. 30(c)(2).

1   court is persuaded that in order to proceed with the deposition on February 22, 2011, GEICO

2   withdrew the request that Plaintiffs produce Stewart's documents at or before deposition.  But the

3   court is not persuaded that GEICO withdrew its request entirely.[10]  Accordingly, GEICO's

4   motion to compel the production of documents identified in Stewart's notice of deposition is

5   GRANTED.  Plaintiffs shall produce the documents 24 hours before Stewart is presented for

6   further deposition, as ordered above.

7                                               **IV. CONCLUSION**

8          For the foregoing reasons, GEICO's motion to compel further deposition and documents

9   is GRANTED.

10          IT IS SO ORDERED.

11

Dated:   April 20, 2011

12                                                                *Paul S. Grewal*

13                                                                _____
                                                                 PAUL S. GREWAL
                                                                 United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

---

28          [10]   *See* Docket No. 255, Exh. 3, March 25, 2011 Decl. of Sheila Carmody (2/4/11-11:04AM
        email from Sheila Carmody and 2/3/11-5:10PM email from Michael Reedy).

ORDER, *page 5*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28