UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SARAH PEREZ, ET AL., <br><br> Plaintiffs, <br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INS. CO., ET AL., <br><br> Defendants. | Case No.: C-06-01962 JW (PSG) <br><br> **ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFFS' FURTHER MOTION TO COMPEL** <br><br> (Docket No. 305) |

This morning the parties appeared on a variety of discovery issues presented in Plaintiffs' April 26, 2011 letter to the court (Docket No. 305). After reviewing both Plaintiffs' letter and a responsive letter filed by Defendant Allstate Indemnity Company ("Allstate") (Docket No. 304), and in light of the arguments presented at this morning's hearing, the court HEREBY ORDERS:

1. Plaintiffs' request for further explanatory information allowing use of data, pursuant to its Document Request No. 3, is DENIED. Plaintiffs have failed to establish why the court should not accept Allstate's representation that it has no such information in its possession, custody or control. As the court has previously explained, as the party seeking production, the burden of proof in any dispute regarding control of third-party documents falls squarely on Plaintiffs. *See* Docket No. 295 at 4. The court further reiterates its suggestion made many weeks ago that Plaintiffs pursue such information by way of a subpoena to Audatex.

ORDER, *page 1*

2. Plaintiffs' request for data distinguishing OEM and non-OEM parts is GRANTED as follows. No later than May 13, 2011, Allstate shall supplement the report bearing the Bates number ALLSTATE 0007982 by identifying, for each line item entry, the PART_CNT and TOTAL_PRICE_AMT figures by aftermarket, OEM, non-OEM, and recycled parts. The court notes that at the hearing Plaintiffs withdrew their request for data distinguishing crash and non-crash parts.

3. Plaintiffs' request for replacement files for various corrupted or truncated data files produced by Allstate is GRANTED. Based on the representation of counsel, the court understands that such replacement files have already been produced. To the extent that any replacement files have not been produced, Allstate shall produce them no later than May 13, 2011.

4. Plaintiff's request for individual data requested pursuant to its Document Request No. 1(a) and 1(b), and aggregate data for various risk factors pursuant to its Document Request No. 1(c) is DENIED. At the hearing, and without first presenting the proposal to Allstate during the mandatory meet-and-confer ordered by the court, Plaintiffs presented an alternative proposal for satisfying Plaintiffs' request. Under this proposal, Allstate would produce data from the three-year period previously ordered by the court that is aggregated by year, make, and model together with a tally of the number of insured in each of Allstate's rating categories. Because Allstate and the court had no advance notice of this proposal, the parties are to meet and confer on this no later than May 6, 2011. To the extent Allstate may secure such data from Audatex, or any further alternative the parties can agree to, it shall do so no later than May 13, 2011. If Allstate is not able to provide such data, by May 13, 2011, it shall file a sworn declaration detailing its inability to produce the data.

IT IS SO ORDERED.

Dated: April 29, 2011

PAUL S. GREWAL
United States Magistrate Judge