1
2
3
4
5
6
7
8
9      UNITED STATES DISTRICT COURT
10      NORTHERN DISTRICT OF CALIFORNIA
11      SAN JOSE DIVISION
12

13   SARAH PEREZ, ET AL.,                 )        Case No.: C-06-01962 JW (PSG)
                                          )
14                      Plaintiffs,       )        **ORDER RE FURTHER DISCOVERY**
         v.                               )
15                                        )        (Docket Nos. 314, 317, 325, 328, 332,
     STATE FARM MUTUAL                    )        336)
16   AUTOMOBILE INS. CO., ET AL.,         )
                                          )
17                      Defendants.       )
     ─────────────────────────────────── )
18

19        Plaintiffs Sarah Perez, Michelle Lackney, Stewart and Rachel Hardyck, on behalf of

20   themselves and all others similarly situated (collectively "Plaintiffs"), moved for consideration of

21   certain discovery disputes on an expedited basis pursuant to the procedures set forth in the

22   court's April 22, 2011 Order.[1]  Defendants filed their respective responses on May 25, 2011,[2]

23   and have separately filed various motions for administrative relief from the court's previous

24   orders.[3]  On May 27, 2011, the parties appeared for hearing.  Having reviewed the papers and

25   considered the arguments of counsel, the court rules as follows.

26   ───────────────────────────
27   [1]      *See* Docket No. 302.

28   [2]      *See* Docket Nos. 338, 339, 340, 341, and 344.

     [3]      *See* Docket Nos. 314, 317, 325, and 328.

I.      **Plaintiffs' Motion for Discovery (Docket No. 336)**

A.      **GEICO's Document Production**

Plaintiffs state that Defendant General Insurance Company ("GEICO") previously agreed to produce documents responsive to Document Request Nos. 1(a)-(d), but to date has not done so.  These document requests seek production of certain premium and loss data.  As a result of an earlier motion to compel by Plaintiffs, the court previously ordered Defendant Allstate Insurance Company ("Allstate") to produce three years of data responsive to three of these same four requests.[4]

At a hearing on April 29, 2011, Plaintiffs proposed that Allstate specifically produce data from the three-year period previously ordered that is aggregated by year, make, and model together with a tally of the number of insured in each of Allstate's rating categories.  By letters May 13, 2011 and May 16, 2011, Allstate agrees to produce for the years 2004, 2006, and 2009 reports that set forth by make, model, and year, the variables needed to identify what rating factors would apply, and the actual premiums and losses for each vehicle insured.  Separately, on April 22, 2011, the court ordered State Farm and Liberty Mutual to produce a statistically valid sample of documents responsive to Document Requests 1(a)-1(d).[5]

GEICO nevertheless argues that a production of documents responsive to the above document requests is unduly burdensome.  In support of its undue burden claim, GEICO submits the declaration of Dave Fessel, GEICO's Director of Information Technology.  GEICO does not dispute that the data requested is discoverable, or that a restriction of the sample period to three years would significantly reduce the number of hours Mr. Fessel's organization would have to expend to gather and produce the data.

The court is not persuaded that GEICO's burden is any more undue than that of Allstate, State Farm or Liberty Mutual.  Accordingly, Plaintiffs' motion as to GEICO therefore is GRANTED.  GEICO shall produce three years of data responsive to Document Request Nos. 1(a)-(d).  GEICO shall select the three years of the sample so as to provide a statistically valid

---

[4]    *See* Docket No. 295 at 6.

[5]    *See* Docket No. 302 at 5.

1  representation of the entire class period.  GEICO shall produce the documents no later than June

2  24, 2011.

3  **B.    Interrogatory Limits**

4  Plaintiffs seek leave to propound interrogatories in excess of both the presumptive 25-

5  interrogatory limit set forth in Fed. R. Civ. P. 33(a)(1) and the additional 10 interrogatories

6  authorized by the court's April 22 Order.  Plaintiffs argue that in light of the complexity of the

7  action, additional interrogatories on the parties are warranted.

8  Defendants object to exceeding the presumptive limits on the grounds that they are

9  burdensome, and as drafted, comprise approximate 50 interrogatories, including all discrete sub-

10  parts.

11  The court is not persuaded that the additional requested interrogatories are warranted,

12  especially where Plaintiffs have plainly and inappropriately used subparts to address multiple

13  topics in a single interrogatory.[6]  Plaintiffs' motion as to interrogatories therefore is DENIED.

14  Unless and until further ruling by Judge Ware, the presumptive limit shall apply except as to the

15  10 merits-focused interrogatories specifically authorized by the court on April 22.  No later than

16  June 10, 2011, Plaintiffs shall re-serve their outstanding  interrogatories consistent with this

17  order.

18  **II.    State Farm's Motion for Administrative Relief (Docket No. 314)**

19  In the April 22 Order, State Farm and Liberty Mutual were ordered to "produce a

20  statistically valid sample of all documents, including estimates, appraisals and payments,

21  responsive both to the requests [], as well as Plaintiffs' Document Request Nos. 1(a)-(d), 2(a)-

22

23

24

25  [6]    *See Collaboration Properties, Inc. v. Polycom, Inc.,* 224 F.R.D. 473, 475 (N.D. Cal. 2004) (single interrogatory seeking information about 26 separate products held to contain 26 discrete subparts); *Kendall v. GES Exposition Services, Inc.,* 174 F.R.D. 684, 685-686 (D. Nev. 1997) ("discrete or separate questions should be counted as separate interrogatories, notwithstanding they are joined by a conjunctive word and may be related"); *Willingham v. Ashcroft,* 226 F.R.D. 57, 59 (D.D.C. 2005) ("[O]nce a subpart of an interrogatory introduces an inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated.").

26

27

28

1    (d), 3, 4, 5, 8, 9, 10, 11, 12, 17, 18, 19-21, 25, 26, 27."[7]

2           By administrative motion, State Farm states that an issue arising from the April 22, 2011

3    Order requires further clarification.  Document Request No. 2 directs State Farm to produce data

4    from 1995 to 2010.  State Farm, however, claims that it specified non-OEM crash parts only

5    until sometime in 1999.  State Farm further notes that the putative class period here includes

6    March 2002 until the present.  State Farm therefore argues that any statistically valid sample that

7    includes data beginning in 1995 would be misleading.

8           Plaintiffs advance two reasons to justify the discovery sought.  First, Plaintiffs argue that

9    the alleged conspiracy began in the 1980s and they "believe that a correct sampling of premium

10   data by year will demonstrate that there was no sea change in the use of non-OEM and salvage

11   parts by State Farm after 1999, and no sea change in the premium impact (or lack thereof) as

12   State Farm implies."  Plaintiffs next argue that while State Farm may no longer have specified

13   non-OEM crash parts after 1999, the harm from State Farm's prior conduct extended into the

14   class period.

15          The court is not persuaded that the production of data that pre-dates the putative class

16   period is warranted.  Plaintiffs merely speculate that economic modeling based on data from

17   1995 to 1999 may support their belief that State Farm insureds realized no additional savings.

18   But Plaintiffs present no specific evidence supporting this speculation, even in the face of

19   repeated entreaties by the court at the May 27 hearing for something, indeed anything, beyond

20   attorney argument.  Plaintiffs alternatively speculate that State Farm's conduct that pre-dated the

21   putative class period later caused damages within the class period, but again, offer no evidence

22   to support their speculation.  Accordingly, State Farm's administrative motion is GRANTED.

23   State Farm's obligation under the court's April 22, 2011 Order to produce documents responsive

24   to Document Request No. 2 shall not extend to any time period pre-dating March 2002.

25
26   **III.    Liberty Mutual Fire Insurance Company's Motion for Administrative Relief
              (Docket No. 317)**

27          Liberty Mutual Fire Insurance Company ("Liberty Mutual") likewise seeks clarification

28
       [7]    *See* Docket No. 302.

regarding certain parameters of the April 22, 2011 Order.

First, Section V. 4 of the April 22, 2011 Order required Liberty Mutual to produce California-specific, disaggregated data from Audatex regarding prices for OEM and non-OEM crash parts by vehicle model.  No temporal limitations were provided.  Liberty Mutual states that Audatex's Insight program does not have data prior to January 2008, and request clarification that its obligation under Section V.4 does not extend to any time period pre-dating January 2008. Plaintiffs have no objection to the temporal limitation proposed by Liberty Mutual. Accordingly, Liberty Mutual's request is GRANTED.

Second, Liberty Mutual refers to Section V.2 of the April 22, 2011 Order and similarly notes the lack of any temporal limitations on the production of documents.  Liberty Mutual states that Plaintiffs seek documents beginning either on or after January 1, 2000 or from January 1999 up to the present.  Plaintiffs advance the same arguments as they did in opposing State Farm's administrative motion discussed above.  As discussed above, Plaintiffs have not shown that documents that pre-date the putative class period are warranted.  Liberty's request therefore is GRANTED.  Liberty Mutual's obligation to produce documents responsive under Section V.2 shall not extend to any time period pre-dating March 2002.

Third, Liberty Mutual complains that, like Allstate, it should only have to produce three sample years of data responsive to Document Request No. 1(a)-(c).  Liberty Mutual contends that it should not have to incur any greater obligation than Allstate.  Having previously reviewed the parties' respective proposals and considered the arguments of counsel, the court is again persuaded that a three year sample adequately balances the parties' respsctive interests.  Liberty Mutual's request to narrow its production obligation to only three sample years is GRANTED.

Fourth, Liberty Mutual objects to producing any documents it has provided to its consulting experts.  State Farm joins in this objection.  Plaintiffs do not oppose the request, and the court agrees.  Liberty Mutual's motion therefore is GRANTED.  State Farm and Liberty Mutual need not produce any responsive documents that they have provided to consulting experts.

**IV.     Allstate Indemnity Company's Motion for Administrative Relief (Docket No. 325)**

Allstate requests that the court vacate paragraph 2 of the April 29, 2011 Order.  The April 29, 2011 Order specified the following:

> No later than May 13, 2011, Allstate shall supplement the report bearing Bates number ALLSTATE 0007982 by identifying, for each line item entry, the PART_CNT and TOTAL_PRICE_AMT figures by aftermarket, OEM, non-OEM, and recycled parts.

As an initial matter, Allstate states that it lacks the computer program and data necessary to supplement the above report as ordered.  In support of its request, Allstate submits a declaration from Sandee Lindorfer who has overall responsibility for Allstate's relationship with Audatex.  She states that Audatex prepared the report bearing Bates number ALLSTATE 0007982 and confirms that Allstate lacks the data or program to supplement the report.  Allstate further notes that Plaintiffs have served a subpoena on Audatex for the same documents as those set forth in paragraph 2 of the April 29, 2011 Order.  Plaintiffs have not opposed the request.

Based on Allstate's representation that it is unable to supplement the report and Plaintiffs' own efforts to subpoena the same documents from Aufatex, Allstate's motion is GRANTED.

**V.      Plaintiffs' Request for Ruling Regarding Allstate Premium/Rating Discovery (Docket No. 332)**

In Plaintiffs' May 24, 2011 letter, they state that no further action by the court is required at this time.  Allstate represents that it will produce responsive documents to OSKR on or before May 31, 2011.  Plaintiffs' request therefore is DENIED as moot.

**VI.     Further Scheduling Order**

Prior to the close of class discovery on July 31, 2011, there will be two additional hearings.  The first hearing will be held on June 9, 2011 at 10AM.  Opening briefs shall be filed on June 3, 2011 and any responses shall be filed on June 7, 2011.  The second hearing will be held on July 1, 2011 at 10AM.  Opening briefs shall be filed on June 24, 2011 and any responses

1   shall be filed on June 28, 2011.  In each instance, no reply briefs will be considered.

2       IT IS SO ORDERED.

3

    Dated:   May 31, 2011
4

5                                                    _____
                                                     PAUL S. GREWAL
6                                                    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28