UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SARAH PEREZ, ET AL., <br><br> Plaintiffs, <br> v. <br> STATE FARM MUTUAL AUTOMOBILE INS. CO., ET AL., <br><br> Defendants. | Case No.: C-06-01962 JW (PSG) <br><br> **ORDER RE PARTIES' DISCOVERY MOTIONS** <br><br> (Docket Nos. 352, 349, 354) |

On June 9, 2011, the parties appeared for consideration of a variety of discovery disputes on an expedited basis. The procedure for such expedited consideration was set forth by the court in an order dated April 22, 2011. The disputes were described in letter submitted on June 3, 2011, to which responses were filed on June 7, 2011. Having reviewed the papers and considered the arguments presented on June 9, the court HEREBY ORDERS as follows:

1.   In the April 22 order, the court was unequivocal that, no later than May 27, 2011, State Farm and Liberty Mutual were to produce all documents responsive to Plaintiffs' Document Request Nos. 1(a)-(d), 2(a)-(d), 3-5, 8-12, 17-21 and 25-27, as well as Rule 56(d) requests authorized in Section V(1), unless State Farm and Liberty Mutual each tendered a written stipulation that a statistically valid sample of all such documents had been produced. Apart from the requirement that the sampling be statistically valid, no specific sampling protocol was

1 ordered, so that the parties could utilize their far superior knowledge of their data and documents
2 to craft a reasonable implementation. The court authorized a statistically valid sample in
3 recognition of the general principle that the burden of document production should be
4 proportionate to the legitimate benefit, as well as Judge Ware's instruction that Rule 56(d)
5 discovery should be "limited."

6 Both State Farm and Liberty Mutual have provided a written stipulation about the
7 validity of its produced sample, but each has specifically and explicitly limited the population
8 included within the sample to just repair estimates, appraisals and pay screens. Put another way,
9 it appears that State Farm and Liberty Mutual decided to provide just a sampling of the ordered
10 sample. They did so even though they proposed to the court exactly this approach prior to April
11 22, and the court rejected it. Despite being specifically authorized by the court and requested by
12 Plaintiffs, the sampling populations did not include, among other things, any communications
13 with body shops, any customer communications about repairs, or any communications about the
14 quality of non-OEM crash parts. No sampling of particular document custodians was included.
15 To the extent there was any doubt about this, at the June 9 hearing, both State Farm and Liberty
16 Mutual freely acknowledged their self-imposed restrictions. Liberty Mutual further restricted its
17 sample population to exclude documents that are not exclusively directed to California, even
18 though the court rejected such an argument in an order dated April 22, 2011.[1]

19 State Farm and Liberty Mutual justify their actions by citing Fed. R. Civ. P.
20 26(b)(2)(C)(iii) and pointing to the relative burden of a sampling of anything more than what
21 they are willing to produce. But even if State Farm and Liberty Mutual produced specific
22 evidence of their burden under even the limited sampling ordered by the court, which they have
23 not done, the reasonable opportunity for presenting such argument passed with the briefing and
24 hearing in advance of April 22 (or at the very latest, the last day either to request reconsideration
25 of the April 22 order or seek relief from the presiding judge pursuant to Fed. R. Civ. P. 72.) At
26 this point in time, the only issue is whether State Farm and Liberty Mutual have complied with

---

[1] At the hearing, Liberty Mutual purported to correct this error by producing additional documents that reference California in any way.

the April 22 order. This they plainly have not done.

Accordingly, Plaintiffs' request for an order compelling production of documents from State Farm and Liberty Mutual is GRANTED. No later than July 26, 2011, the deadline for class discovery set by the presiding judge, State Farm and Liberty Mutual shall produce <u>all</u> documents responsive to Plaintiffs' Document Request Nos. 1(a)-(d), 2(a)-(d), 3-5, 8-12, 17-21, and 25-27. No later than July 29, 2011, State Farm and Liberty Mutual shall produce <u>all</u> documents responsive to the Rule 56(d) requests authorized in Section V(1) of the April 22 order. In lieu of such a production, State Farm and Liberty Mutual may produce a statistically valid sampling of all such documents, and not just repair estimates, appraisals and pay screens, no later than July 13, 2011. As ordered previously, any party relying upon a statistically valid sampling must stipulate as such in writing and further stipulate that it will not argue that Plaintiffs' showing under the requirements of Fed. R. Civ. P. 23 or 56 is deficient based on any responsive documents not produced.

The parties should further note that if either State Farm or Liberty Mutual again fails to comply with the court's order, the court will entertain a motion for sanctions, including a recommendation to the presiding judge of issue preclusion, on shortened time.

2. Plaintiffs' request for a protective order against GEICO's subpoena to Wells Fargo Auto Finance is DENIED. While the court has jurisdiction to enter such a protective order under Fed. R. Civ. P. 26(c)(1), Plaintiffs have no identified no reasonable basis to deny GEICO discovery of Ms. Stewart's car loan file. As this court has previously explained, the defendants are entitled to discovery on the issue of the pricing of the designated class representative's policies.[2] GEICO has established that its request is "reasonably calculated to the discovery of admissible evidence" on this issue,[3] and Plaintiffs have failed to identify any counterbalancing burden from the requested production. As it has agreed to do, GEICO shall treat any produced materials as highly confidential and shall provide copies of the production to Plaintiffs.

3. Plaintiffs' request for an order compelling further interrogatory responses from State

---

[2] *See* Docket No. 301 at 3.

[3] *See* Fed. R. Civ. P. 26(b)(1).

Farm, Liberty Mutual, Allstate and GEICO is GRANTED, but only in part. The court previously explained that subparts may not be used to address multiple topics in a single interrogatory. Having reviewed Plaintiffs' reserved interrogatories, the court is not satisfied that Plaintiffs' requests adhere to the court's previous admonition to avoid lumping together in a single interrogatory "separate and distinct" inquiries, even if they are "related." As just one example, in Interrogatory No. 10 in Plaintiffs' Second Set of Interrogatories to State Farm, Plaintiffs request the following: "(a) the criteria and data used by State Farm to determine whether such sample is statistically valid, a description of the unit of observation (e.g. estimates); (b) the number of sampled observations/data points (e.g., estimates) in the sample set, and the total number of data points (e.g., estimates) in the population form which that sample set was taken; (c) the dimensions on which you believe each sample is representative of the population from which it is drawn, the value of the relevant statistic (e.g., average, proportion, frequency, etc.) and the confidence interval and margin of error around that statistic; (d) the ex ante sampling plan developed for each sample (from each distinct population of documents); (e) what steps were taken to ensure that no deviation from the protocol occurred, and to ensure and memorialize that no post-sample changes were made to the set of sampled documents, such as returning a document to the population and replacing it with a newly drawn document; and (f) the identity and role of all persons involved in creating, approving, or providing data for each example." State Farm, Liberty Mutual and Allstate need only provide responses to those interrogatory parts served up to the presumptive limits imposed by Fed. R. Civ. P. 33 and the court's April 22 order.

4.     State's Farm's request for an *in camera* review of Plaintiffs' work-product is DENIED as moot. At the June 9 hearing, Plaintiffs did not oppose the request and submitted the materials for the court's inspection.

IT IS SO ORDERED.

Dated:   June 16, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

ORDER, *page 4*