1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA

11              SAN JOSE DIVISION

12

| | |
|---|---|
| SARAH PEREZ, ET AL., ) | Case No.: C-06-01962 JW (PSG) |
| ) | |
| Plaintiffs, ) | **ORDER RE PARTIES' DISCOVERY** |
| v. ) | **MOTIONS** |
| ) | |
| STATE FARM MUTUAL ) | (Docket Nos. 378, 379, 381) |
| AUTOMOBILE INS. CO., ET AL., ) | |
| ) | |
| Defendants. ) | |

This morning the parties appeared on a number of discovery disputes on an expedited basis.  The procedure for such expedited consideration was set forth in an order dated April 22, 2011.  The disputes were described in letters submitted on June 24, 2011, to which responses were filed on June 28, 2011.  Having reviewed the papers and considered the arguments presented this morning, the court HEREBY ORDERS as follows:

1.      Plaintiffs' request for an order permitting depositions after Defendants complete their document production is GRANTED.  The undersigned  has ordered all Rule 56(d) documents produced by June 29, 2011, and Chief Judge Ware has set a deadline for all class discovery of June 26, 2011.  Even as they seek relief pursuant to Fed. R. Civ. P. 72 from discovery ordered by the undersigned and represent that they are working diligently to complete their document productions, Defendants acknowledge that their productions are not yet complete and will not be

complete by the court-imposed deadlines.  Whatever additional remedies, including sanctions, may be appropriate for any failure by Defendants to comply with the court's orders, there is no legitimate reason to insist that Plaintiffs complete their depositions before they receive a completed production of Defendants' documents.  Indeed, Defendants effectively conceded as much during the hearing.

2.      Defendants' request for an order continuing the deadlines for all class discovery and all Rule 56(d) discovery is DENIED.  Defendants' protests notwithstanding, the court's previous orders do not impose any requirement of a collection of and production from upwards of a billion documents generally and millions of estimates in particular.  As the court has counseled for months, Defendants may avoid such a brute-force approach to meeting their obligation under Fed. R. Civ. P. 26 by producing a statistically valid sampling of all responsive materials. Unfortunately, to date, the court has not been informed of any attempt to define the universe of custodians with responsive materials and then select a validated sample--stratified or otherwise-- to provide a representative depiction of the broader universe.  Nor has the court been informed of any meaningful attempt by the parties to sit down together and identify a subset of custodians whose responsive documents would balance the parties' legitimate but competing interests. Under these circumstances, and particularly with respect to the deadline for class discovery set by the presiding judge, an order from the undersigned further delaying discovery is not warranted.

3.      Plaintiffs' request for an order precluding State Farm and Liberty Mutual from renewing their summary judgment motions before discovery is completed is DENIED.  Once again, whether and when to hear dispositive motions is a matter of discretion for the presiding judge, not the undersigned.

4.      Plaintiffs' request for permission to serve the class interrogatories attached as Ex. B to the June 24 letter of Andrew M. Hetherington and the Rule 56(d) interrogatories attached as Ex. C to the June 24 letter of Andrew M. Hetherington is GRANTED.  The court is satisfied that Plaintiffs have now satisfied the appropriate standard for limiting interrogatory subparts.  With respect to this discovery only, despite the general deadlines discussed above that remain in

1  effect, Defendants may respond no later than 30 days after service by Plaintiffs.

2  5.      Liberty Mutual's request for a protective order against discovery from its two Safeco

3  affiliates is GRANTED.  While the Third Amended Complaint references "affiliates selling

4  automobile insurance in California," this court has limited discovery from subsidiaries and

5  affiliates such as the Safeco entities that are not named as parties to the suit.  *See, e.g., Miller v.*

6  *IBM*, No. C 02-2118 MJJ (MEJ), 2006 WL 1141019, at *3 (N.D. Cal. May 21, 2010).

7  6.      Plaintiffs' request for an order authorizing depositions of third-party body shop

8  representatives is DENIED.  The April 22, 2011 order setting a merits discovery plan did not

9  provide for such depositions, and indeed no such depositions were proposed by Plaintiffs before

10 that order.

11 7.      The parties' request for a further discovery conference is DEFERRED.  After the July 11,

12 2011 hearing before Judge Ware, and no later than July 15, 2011 at 5PM, any party may file a

13 letter not exceeding three pages requesting such a conference.  No responses will be considered.

14         IT IS SO ORDERED.

15 Dated:   July 1, 2011

16                                          _Paul S. Grewal_____

17                                          PAUL S. GREWAL
                                            United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28