UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| SARAH PEREZ, et al.,<br>on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br>      v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., et al.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 06-CV-01962-LHK<br><br>ORDER DENYING PLAINTIFFS'<br>MOTION TO VACATE ORDERS<br>DENYING CLASS CERTIFICATION<br>AND LEAVE TO AMEND; DENYING<br>PLAINTIFFS' MOTION FOR RELIEF<br>FROM SUMMARY JUDGMENT |

Plaintiffs Sarah Perez, Michelle Lackney, Rachel Stewart, and Rachel Hardyck (collectively, "Plaintiffs") bring this putative class action against Defendants State Farm Automobile Insurance Company ("State Farm"), Allstate Indemnity Company ("Allstate"), GEICO General Insurance Company ("GEICO"), Liberty Mutual Fire Insurance Company ("Liberty Mutual"), and Certified Automotive Parts Association ("CAPA") (collectively, "Defendants"), alleging an anticompetitive conspiracy in violation of California's Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, 16750, and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* Before the Court are two motions filed by Plaintiffs pursuant to Federal Rules of Civil Procedure 60 and 52: (1) a Motion to Vacate Orders Denying Class Certification and Leave to Amend, and to Set Aside or Amend Findings; and (2) a Motion for Relief from Summary Judgment and to Set Aside or Amend Findings. Pursuant to Civil Local Rule 7-1(b), the Court

1    found these motions appropriate for determination without oral argument.  *See* ECF No. 732.

2    Having considered the parties' submissions and the relevant law, and for good cause shown, the

3    Court DENIES both Plaintiffs' Motion to Vacate the Orders Denying Class Certification and Leave

4    to Amend and Plaintiffs' Motion for Relief from Summary Judgment.

5    **I.    BACKGROUND**

6         **A.    Factual Background**[1]

7         Defendants sell California automobile insurance policies promising uniformly high quality

8    repair to restore damaged automobiles to their condition before an accident.  Fifth Amended

9    Complaint ("5AC") ¶ 2, ECF No. 566.  Plaintiffs are Defendants' customers; each Plaintiff has

10   paid "premiums for liability, casualty and collision damage automobile insurance" to one of the

11   four Defendants in this case, and seeks to represent a class on this basis.  *See* 5AC ¶¶ 13-16.

12        Plaintiffs allege that, rather than providing insurance policy holders with quality repair as

13   promised, Defendants instead "conspire to substitute low-cost repair parts, which are often

14   markedly inferior to the parts originally placed on the automobile by its manufacturer" in order to

15   "create illegal profits."  5AC ¶ 2.  Plaintiffs contend that these parts are not of the same kind and

16   quality as parts originally used to fabricate vehicles by the original equipment manufacturers

17   ("OEM parts"),[2] and are not capable of restoring vehicles to their pre-loss conditions.  *See* Compl.

18   ¶ 3, ECF No. 1.  Consequently, when a customer buys a policy from Defendants, she or he

19   "unknowingly buys into a repair lottery, where there is a very substantial chance the customer may

20   get low quality—even unsafe—repair, not the assured high quality repair sought."  5AC ¶ 2.

21   Plaintiffs further allege that Defendants' "conspiracy has had the effect of raising and maintaining

22   ──────────────────

23   [1]  The Court recounts the factual background largely based on the operative Fifth Amended
     Complaint.  A further detailed summary of the factual background of this case can be found in
24   Judge Ware's March 23, 2011 Order, *see* ECF No. 251, as well as his August 29, 2012 Order, *see*
     ECF No. 687.

25   [2]  Original Equipment Manufacturer or Service parts ("OEM parts") are defined as "[p]arts
     manufactured by or directly for the same company that made the car (*e.g.*, Ford, Toyota, or
26   Mercedes Benz), generally sold through the manufacturers' dealer network."  Defs.' Opp'n to Mot.
     to Vacate Orders, ECF No. 712, at vi.  In contrast, Non-Original Equipment Parts ("non-OEM
27   parts") are "[g]enerally understood to be parts that are manufactured by entities other than the
     automobile manufacturers.  Sears Roebuck tires and batteries are classic examples of non-OEM
28   parts."  *Id.*

Case No.: 06-CV-01962-LHK
DENYING PLAINTIFFS' MOTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60, 52

*United States District Court*
For the Northern District of California

1   premiums for inferior 'lottery' automobile insurance coverages above the competitive levels that

2   would have prevailed for these coverages had full competition prevailed," 5AC ¶ 12, and

3   "prevent[ing] and exclud[ing] competition among insurance companies based on the quality of

4   repair," 5AC ¶ 26.

5         Plaintiffs, on behalf of themselves and California residents who are similarly situated,

6   propose four separate classes for each Defendant, which are defined in the Fifth Amended

7   Complaint as follows:

8         persons residing in California . . . paying premiums to [designated Defendant] for
9         automobile liability, casualty and collision damage insurance at any time between
          March 14, 2002 and the present where for an insured automobile [Defendant group]
10        uses repair parts other than those provided by the original equipment manufacturer
          or its authorized parts supplier. *The repair parts at issue are parts where the*
11        *substitution of inferior parts significantly lessens the quality of the automobile's*
          *safety, fit, structural integrity or mechanical functioning than would be experienced*
12        *over the life of a high-quality OEM repair part*. . . .

13   5AC ¶¶ 59, 65, 71, 77 (emphasis added).  In addition, Plaintiffs define the "Common Class

14
     Premium Injury" as follows:
15

16        The conspirators' conduct has the effect of causing members of the four California
          Classes of policyholders to pay above-competitive premiums for the inferior
17        insurance repair coverages they have actually received.  The policy holders are told
          by the insurance conspirators that they are receiving high quality repair coverages
18        that ostensibly will restore their vehicles to a pre-loss condition akin to the quality
          provided by the original equipment manufacturer.  They pay for such high-quality
19        repair.  Instead, they receive substantially inferior repair coverage which would
          command substantially lower premiums "but for" the conspiracy, and its unlawful
20        deception and anticompetitive conduct, because they face the substantial risk of
          receiving markedly inferior repair parts.
21

22   5AC ¶¶ 83, 84.

23   **B.     Procedural History**

24         Plaintiffs initiated this action on March 14, 2006, ECF No. 1, and filed a First Amended

25   Complaint as a matter of right on April 3, 2006, ECF No. 10.  On April 10, 2006, this case was

26   reassigned from Magistrate Judge Patricia Trumbull to District Judge James Ware.  *See* ECF No.

27   18.  On May 5, 2006, Defendants filed two Joint Motions to Dismiss Plaintiffs' First Amended

28   Complaint.  *See* ECF Nos. 49, 54.

**United States District Court**
For the Northern District of California

Case No.: 06-CV-01962-LHK
DENYING PLAINTIFFS' MOTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60, 52

**United States District Court**
For the Northern District of California

1       Before Judge Ware ruled on Defendants' motions, Plaintiffs filed a Second Amended

2   Complaint ("SAC") pursuant to a stipulation which also preserved Defendants' previously filed

3   Joint Motions to Dismiss.  *See* ECF Nos. 81, 82.  Judge Ware thereafter granted Defendants' Joint

4   Motion to Dismiss the SAC on the ground that Plaintiffs lacked Article III standing, *see* ECF No.

5   112, entered judgment in favor of Defendants, and closed the case, *see* ECF No. 113.  However, on

6   March 17, 2009, the Ninth Circuit Court of Appeals determined that Plaintiffs do have Article III

7   standing to proceed and remanded the case.  *See Perez v. State Farm Mut. Auto. Ins. Co.*, 319 Fed.

8   App'x. 615 (9th Cir. 2009) (unpublished).  The mandate issued on April 8, 2009.  *See* ECF No.

9   118.

10       On May 15, 2009, Defendants filed three renewed Motions to Dismiss.  *See* ECF Nos. 127,

11   130, 132.  Defendant Liberty Mutual then filed a Motion for Summary Judgment.  *See* ECF No.

12   142.  On July 17, 2009, Judge Ware granted Defendants' Renewed Joint Motion to Dismiss the

13   SAC with prejudice and denied as moot the other two motions to dismiss and the summary

14   judgment motion.  *See* ECF No. 147.  Judge Ware granted Defendants' Renewed Joint Motion to

15   Dismiss the SAC on the basis that Plaintiffs' claims were an attack on rates and premiums set by

16   the California Insurance Commissioner and thus were not cognizable antitrust or unfair

17   competition claims.  *See* ECF No. 147.  Judge Ware again entered judgment in favor of Defendants

18   and closed the case.  *See* ECF No. 148.  On August 6, 2010, the Ninth Circuit Court of Appeals

19   determined that antitrust claims that produce overcharges do not fall under the Insurance

20   Commissioner's exclusive rate-making authority and remanded the case.  *See Perez v. State Farm*

21   *Auto Ins. Co.*, 391 Fed. App'x. 653 (9th Cir. 2010) (unpublished).  The mandate issued on

22   September 23, 2010.

23       On October 8, 2010, Plaintiffs filed a Motion for Leave to File Third Amended Complaint,

24   *see* ECF No. 162, which Judge Ware then granted, *see* ECF No. 165.  Thereafter, Defendants

25   collectively filed a Joint Motion to Dismiss Plaintiffs' Third Amended Complaint, *see* ECF No.

26   182, and Defendants Liberty Mutual and State Farm each filed a Motion for Summary Judgment,

27   *see* ECF Nos. 180, 183.  Judge Ware denied all of these motions.  *See* ECF No. 251.  On July 6,

28   2011, Plaintiffs then filed a Fourth Amended Complaint.  ECF No. 404.

1     Plaintiffs filed their original Motion for Class Certification on September 26, 2011.  *See*

2   ECF No. 502.  On November 17, 2011, Plaintiffs filed a Fifth Amended Complaint.  ECF No. 566.

3   Judge Ware then denied as premature Plaintiffs' Motion for Class Certification with leave to

4   amend.  *See* ECF No. 568.  In so doing, Judge Ware concluded that Plaintiffs had not shown that

5   they would be able to establish antitrust injury and damages on a class-wide basis for all four

6   Defendants since they only offered expert analysis on data collected from one of the four

7   Defendants.  *Id*. at 4.  Accordingly, Judge Ware reopened discovery to allow Plaintiffs time to

8   obtain data from the other Defendants.  *Id*. at 5.

9     On February 24, 2012, Plaintiffs filed a Renewed Motion for Class Certification.  ECF No.

10   591.  On May 2, 2012, Judge Ware denied this renewed motion without prejudice.  Order Den.

11   Pls.' Mot. Class Cert. Without Prejudice ("May 2, 2012 Order"), ECF No. 612.  In the May 2, 2012

12   Order, Judge Ware explained that "Plaintiffs concede that their ability to prove class injury and

13   damages is contingent upon their ability to demonstrate that certain categories of non-OEM parts

14   are generally inferior to OEM parts."  *Id*. at 3 (citing Pls.' Mem. Supp. Mot. Class Cert. at 4, ECF

15   No. 503, in which Plaintiffs stated that they "have not alleged, nor do they need to prove on a class-

16   wide basis, that each and every imitation or salvage part used on a class member vehicle is unsafe

17   or inferior relative to a new OEM part.  They must only show in common that there are categories

18   of these parts that create the substantial probability of unsafe or otherwise inferior repair.").  In

19   addition, Judge Ware noted that "Plaintiffs' damages expert acknowledges that his regression

20   analysis can only function if another expert tells him which categories [of] non-OEM parts are

21   inferior to OEM parts."  *Id*. at 3.  Because Judge Ware concluded that "Plaintiffs ha[d] not

22   produced a methodology for determining which categories of parts should qualify as inferior,"

23   Judge Ware found that Plaintiffs "had not met their burden of establishing commonality or

24   predominance."  *Id*. at 4.  Additionally, Judge Ware found that, without such a methodology, "the

25   class is not readily ascertainable."  *Id*.

26     Plaintiffs then filed a Supplemental Expert Report of Allen Wood, Plaintiffs' designated

27   parts expert, *see* ECF No. 618, which Defendants moved to exclude, *see* ECF No. 637.  On July 19,

28   2012, Judge Ware granted Defendants' Motion to Exclude the Expert Testimony of Plaintiffs'

United States District Court
For the Northern District of California

1  Expert after determining that Plaintiffs' expert failed to provide a sufficiently reliable methodology

2  for categorizing parts.  *See* Order Granting Defs.' Mot. Exclude Test.; Denying Pls.' Renewed Mot.

3  Class Cert. ("July 19, 2012 Order"), ECF No. 658, at 12 (finding that "the process employed by

4  Mr. Wood does not constitute a replicable methodology, and thus is not sufficiently reliable to be

5  admissible under *Daubert* [*v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993)].").  As a result of

6  Plaintiffs' failure to provide an admissible methodology for identifying categories of inferior parts,

7  as required by Judge Ware's May 2, 2012 Order, Judge Ware denied Plaintiffs' Renewed Motion

8  for Class Certification for a third time, this time with prejudice.  *Id*. at 12.  Judge Ware amended

9  this order on July 31, 2012.  *See* ECF No. 661.

10  Following Judge Ware's denial of Mr. Wood's methodology for categorizing parts, and

11  subsequent denial of Plaintiffs' Motion for Class Certification, both parties filed briefs on the

12  viability of Plaintiffs' claims on an individual basis.  *See* ECF Nos. 659, 660.   Plaintiffs argued

13  that the exclusion of Mr. Wood's proposed testimony was not fatal to their individual claims

14  because, according to Plaintiffs, their Fifth Amended Complaint alleged a price fixing conspiracy

15  that was not dependent on proof of inferior parts categories.  ECF No. 659, at 2-3.  As such,

16  Plaintiffs maintained that they were still able to seek injunctive relief in the public interest in order

17  to "enjoin a price-fixing conspiracy under which Defendants are inflating insurance premiums and

18  agreeing not to complete as to parts quality."  *Id*. at 6.  In addition, Plaintiffs indicated that, in light

19  of Judge Ware's ruling, Plaintiffs intended to "seek reconsideration of the class ruling . . . in the

20  form of leave to amend their complaint and the class definition to allow Fed. R. Civ. P. 23(b)(3)

21  certification as to the damages attributable to . . . collusion to fix prices."  *Id*. at 3.  Defendants, in

22  contrast, argued that Mr. Wood's testimony was fatal to Plaintiffs' case on an individual basis

23  because Plaintiffs' individual claims are based on the same theories and require the same proof as

24  Plaintiffs' class claims.  *See* ECF No. 660.

25  On August 1, 2012, Plaintiffs filed a Motion for Leave to File a Sixth Amended Complaint,

26  *see* ECF No. 662, and a Motion for Leave to File a Motion for Reconsideration of Judge Ware's

27  Denial of Class Certification, *see* ECF No. 663.  Plaintiffs' motions argued, in part, that Plaintiffs

28  have always alleged two conspiracies, one of which is not dependent on proof of inferior parts

United States District Court
For the Northern District of California

1  categories.  On August 6, 2012, Judge Ware conducted a hearing on the issue of whether his

2  exclusion of Mr. Wood's proposed expert testimony regarding inferior parts categories was fatal to

3  Plaintiffs' claims on an individual basis.  *See* ECF No. 666.  Defendants then filed a Motion for

4  Summary Judgment on August 10, 2012.  *See* ECF No. 671.

5       On August 29, 2012, Judge Ware: (1) denied Plaintiffs' Motion for Leave to File a

6  Proposed Sixth Amended Complaint; (2) denied Plaintiffs' Motion for Leave to File a Motion for

7  Reconsideration of the prior Order Denying Class Certification; and (3) granted Defendants'

8  Motion for Summary Judgment.  Order Den. Pls.' Mot. for Leave to File Mot. for Recons.; Den.

9  Pls.' Mot. for Leve File Am. Compl.; Dismissing Case ("August 29, 2012 Order"), ECF No. 687.

10  Judge Ware resigned from the bench on August 31, 2012.  On September 20, 2012, this

11  case was reassigned to the undersigned judge.  ECF No. 703.

12  Plaintiffs now seek to vacate or amend Judge Ware's August 29, 2012 Order.  On

13  September 25, 2012, Plaintiffs filed a Motion to Vacate Orders Denying Class Certification and

14  Leave to Amend, and to Set Aside or Amend Findings.  *See* Pls.' Mot. Vacate Order Den. Class

15  Cert. & Leave Am. ("Mot. to Vacate"), ECF No. 705.  In addition, Plaintiffs filed a Motion for

16  Relief from Summary Judgment and to Set Aside or Amend Findings.  *See* Pls.' Mot. Relief

17  Summ. J ("Mot. for Summ. J. Relief"), ECF No. 706.  Defendants filed a joint opposition to each

18  motion on October 9, 2012.  *See* Defs.' J. Opp'n Mot. to Vacate Order Den. Class Cert. & Leave

19  Am. ("Opp'n to Mot. to Vacate"), ECF No. 712;  Defs.' J. Opp'n to Pls.' Mot. Relief Summ. J

20  ("Opp'n to Mot. for Summ. J. Relief"), ECF No. 713.  Plaintiffs then filed replies to these two

21  motions on October 16, 2012.  *See* Pls.' Reply Re: Mot. Vacate Order Den. Class Cert. & Leave

22  Am. ("Reply Re Mot. to Vacate"), ECF No. 715; Pls.' Reply Re: Mot. Relief Summ. J ("Reply Re

23  Mot. for Summ. J. Relief"), ECF No. 716.  On June 17, 2013, Plaintiffs filed a Statement of Recent

24  Decisions Re Plaintiffs' Motion to Vacate.  *See* ECF No. 731.

25  **II.      LEGAL STANDARD**

26       **A.      Relief From Judgment or Order Pursuant to Rule 60(b)**

27  Federal Rule of Civil Procedure 60(b) "provides for reconsideration [from a final judgment,

28  order, or proceeding] *only* upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly

United States District Court
For the Northern District of California

1    discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6)

2    'extraordinary circumstances which would justify relief." *School Dist. No. 1J, Multnomah Cnty.,*

3    *Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal quotation marks and citation

4    omitted) (emphasis added).

5              "The circuits are split as to whether errors of law may be corrected under Rule 60 motions."

6    *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982); *compare Silk v. Sandoval*,

7    435 F.2d 1266, 1267-68 (1st Cir. 1971) ("If the court merely wrongly decides a point of law, that is

8    not '[mistake,] inadvertence, surprise, or excusable neglect.'"), *with Schildhaus v. Moe*, 335 F.2d

9    529, 531 (2d Cir. 1964) (stating that "no good purpose is served by requiring the parties to appeal

10   to a higher court . . . when the trial court is equally able to correct its decision in the light of new

11   authority on application made within the time permitted for appeal," but also recognizing that

12   "Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment.")

13   (internal quotation marks and citation omitted).  In *Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d

14   1291 (9th Cir. 1982), the Ninth Circuit underscored that "[t]he correction of legal errors committed

15   by the district courts is the function of the Court of Appeals, and can usually be remedied on

16   appeal."  *Id.* at 1293; *see also Title v. United States*, 263 F.2d 28, 31 (9th Cir. 1959) ("Rule 60(b)

17   was not intended to provide relief for error on the part of the court or to afford a substitute for

18   appeal.").  However, in *McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999) (en banc) (per

19   curiam), the Ninth Circuit sitting *en banc* suggested that, not only in the context of Rule 59(e), but

20   also in the context of Rule 60, "a failure to correct *clear* error" could constitute an abuse of

21   discretion.  *Id.* at 1255 n.4; *see also id.* ("[W]e disapprove [of] any suggestion . . . that a refusal to

22   reconsider is an abuse of discretion merely because the underlying order is erroneous, rather than

23   clearly erroneous.").[3]

24

25   _____

     [3]  The parties in this case contend that a "clear error" standard apples to Rule 60(b)(1).  *See* Mot. to
26   Vacate at 11 (arguing that, under Rule 60(b)(1), "a failure to correct clear error constitutes abuse of
     discretion."); Opp'n Mot. for Summ. J. Relief at 5 (arguing that, under Rule 60(b)(1), "[t]he
27   standard is . . . one of 'clear error' not any error, and the type of error contemplated is arguably
     only obvious, objective error, and not a misconception of law or a misinterpretation of allegations
28   in a pleading.").  Both parties rely on *Moore's Federal Practice* 3d § 60.41[4][ix] to support this
     position.

Case No.: 06-CV-01962-LHK
DENYING PLAINTIFFS' MOTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60, 52

In general, motions for reconsideration should not be frequently made or freely granted. *See generally Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Moreover, Rule 60(b)(6), which is the catchall provision of Rule 60 that allows a court to grant reconsideration in an effort to prevent manifest injustice, can only be utilized in "extraordinary circumstances." *See Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998); *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

### B.   Findings and Conclusions by the Court Pursuant to Rule 52

Federal Rule of Civil Procedure 52(a) requires district courts to make findings of fact in an action "tried on the facts without a jury or with an advisory jury" and in "granting or refusing interlocutory injunctions." Fed. R. Civ. P. 52(a)(1). The rule specifically provides that such findings of fact are unnecessary on decisions of summary judgment motions or on any other motion "unless these rules provide otherwise." Fed. R. Civ. P. 52(a)(3). Pursuant to Rule 52(a)(6), "[f]indings of fact . . . must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." *See* Fed. R. Civ. P. 52(a)(6).

In addition, pursuant to Federal Rule of Civil Procedure 52(b), "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). "Motions under Rule 52(b) are primarily designed to correct findings of fact which are central to the ultimate decision; the Rule *is not intended to serve as a vehicle for a rehearing*." *ATS Prods. Inc. v.Ghiorso*, No. 10-4880, 2012 WL 1067547, at *1 (N.D. Cal. Mar. 28, 2012) (emphasis added). In other words, "Rule 52(b) motions are granted in order to correct manifest errors of law or fact or to address newly discovered evidence or controlling case law." *Id.* However, "[a] motion to amend findings under Rule 52(b) does not lie where findings of fact are unnecessary under Rule 52(a)." *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Hawaii 1987); *rev'd in part on other grounds*, 855 F.2d 860 (9th Cir. 1988) (unpublished).

Case No.: 06-CV-01962-LHK
DENYING PLAINTIFFS' MOTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60, 52

United States District Court
For the Northern District of California

## III.    DISCUSSION

Plaintiffs seek to vacate Judge Ware's denial of Plaintiffs' Motion for Leave to File a Sixth Amended Complaint and his third denial of Plaintiffs' Motion for Class Certification, alleging that Judge Ware committed the following clear legal and factual errors: (1) he misconstrued the claims raised in the Complaint; (2) he employed the wrong "futility" and "prejudice" standards controlling leave to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure; and (3) he failed to make required class findings and conclusions in denying Plaintiffs' motion for class certification. *See* Mot. to Vacate.  In addition, Plaintiffs seek relief from the grant of summary judgment in favor of Defendants, similarly arguing that Judge Ware clearly erred by failing to recognize the distinct nature of Plaintiffs' price fixing conspiracy.  *See* Mot. for Summ. J. Relief.  Plaintiffs also challenge Judge Ware's invitation to Defendants to file a Motion for Summary Judgment while Plaintiffs' Motion for Leave to Amend was pending, *see id.* at 21-23, his subsequent ruling on the Motion for Summary Judgment on a shortened time without a hearing, *see id.* at 23-24, and his denial of Plaintiffs' request to conduct discovery under Rule 56(d) "in order to pursue discovery in support of their price fixing allegations" before granting summary judgment on the price fixing claim, *see id.* at 18-20.

Central to Plaintiffs' motions before the Court is their allegation that Judge Ware misconstrued Plaintiffs' underlying claims.  Plaintiffs contend that, from the beginning of this lawsuit, they have alleged two independent claims: (1) Defendants, automobile insurance companies, conspired to provide low quality car repair parts in California to increase profits; and (2) Defendants conspired to charge prices above competitive levels by agreeing not to compete to pass on savings to customers due to use of cheaper imitation and salvage parts.  *See* Mot. to Vacate at 1; Mot. for Summ. J. Relief at 12.  To succeed, the first claim requires evidence related to parts quality.  *See id.* (explaining that Plaintiffs dropped this claim after Judge Ware excluded the testimony of the parts-quality expert).  However, according to Plaintiffs, the second claim requires no such proof.  *See, e.g.*, ECF No. 663, at 1 (arguing that certification of modified proposed damages classes based "only on remedying the overcharging from a price-fixing conspiracy . . . in no way require[s] proof of parts inferiority.").  Plaintiffs assert that Judge Ware misconstrued their

allegedly independent claims as a single allegation requiring proof related to parts quality.  In so doing, Judge Ware allegedly erred by essentially determining in his August 29, 2012 Order that the exclusion of Plaintiffs' parts-quality expert was dispositive of the entire case.

Defendants dispute Plaintiffs' characterization of their claims, arguing that, "despite six years of litigation and five separate opportunities to amend," Plaintiffs "have never previously alleged a 'price-fixing' conspiracy unconnected to the use of inferior repair parts.'" Opp'n to Mot. to Vacate at 2.  Instead, Defendants maintain that Plaintiffs' "inferior repair part" allegations supported all of their claims, both for damages and injunctive relief.  *Id*. at 19.  Accordingly, Defendants maintain that Judge Ware considered Plaintiffs' pleadings accurately, applied the legal standards correctly, and denied Plaintiffs' motions properly.  *Id*. at 2-3.

For the reasons stated herein, the Court finds that Plaintiffs fail to meet the heightened standards of Rule 60 and 52 to warrant reconsidering, vacating, or amending Judge Ware's August 29, 2012 Order.

### A.      Judge Ware's Denial of Leave to File Sixth Amended Complaint

Plaintiffs first assert that Judge Ware's August 29, 2012 Order denying leave to amend should be vacated under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6).  *See* Mot. to Vacate at 18.  In addition, Plaintiffs argue that, "[t]o the extent [that] the Court made mixed findings of law and fact in construing the Fifth Amended Complaint and the proposed Sixth Amended Complaint, its Order should be vacated" under Federal Rules of Civil Procedure 52(a)(6) and 52(b).  *Id*.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted).  However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . .  [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v.*

Case No.: 06-CV-01962-LHK
DENYING PLAINTIFFS' MOTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60, 52

United States District Court
For the Northern District of California

*Davis*, 371 U.S. 178, 182 (1962)) (alterations in original). "Further, the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (internal quotation marks and citations omitted).

When denying Plaintiffs leave to file a sixth amended complaint, Judge Ware summarized Plaintiffs' motion as follows:

> At issue is whether Plaintiffs should be allowed to file a Sixth Amended Complaint alleging that Defendants fixed prices by agreeing not to pass on savings gained through the use of non-OEM parts to consumers, but eliminating any reference to the idea that non-OEM parts are inferior. Plaintiffs contend that this amendment would eliminate the need to produce any expert on part quality at trial.

*See* Aug. 29, 2012 Order at 4. After reviewing the briefs submitted by the parties and conducting a hearing, Judge Ware determined that granting Plaintiffs leave to file an amended complaint would cause undue prejudice to Defendants and prove futile. *See id.* at 5.

In determining that granting leave to amend would cause undue prejudice to Defendants, Judge Ware noted that, during the "six years since this case was filed, Defendants have expended significant resources rebutting the allegation that non-OEM parts are inferior to OEM parts." *Id.* at 5. In addition, Judge Ware found that, "although Plaintiffs contend that the Fifth Amended Complaint adequately states a claim for price-fixing, . . . th[e] allegations pertaining to the suppression of competition based on part quality, as opposed to collusion not to pass on savings, constitute the gravamen of the Fifth Amended Complaint." *Id.* at 5-6. Consequently, Judge Ware concluded that, "[a]llowing amendment at this state of litigation would require an entirely new course of defense after six years of litigation, which weighs heavily against allowing amendment." *Id.* at 6. Further, in exercising his discretion to deny leave to amend, Judge Ware observed that "Plaintiffs have not only been given leave to amend their Complaint four previous times, but also were specifically asked by the Court at the first class certification hearing whether the Court should consider certifying a class that was not contingent upon part quality." Aug. 29, 2012 Order at 6. Because Plaintiffs "specifically declined that opportunity in favor of continuing to pursue a class

definition contingent upon part quality," the Court declined to "allow Plaintiffs to force Defendants to defend against an entirely different case theory and class definition." *Id*. at 6.

In addition, Judge Ware concluded that granting leave to amend would prove futile. *See id.* at 6-7. Specifically, Judge Ware found that Plaintiffs' proposed Sixth Amended Complaint "is virtually devoid of factual allegations in support of its allegations regarding a putative antitrust price-fixing conspiracy among Defendants," *id*. at 6, and thus determined that it was unlikely to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See id.* at 6-7; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").

Plaintiffs assert that Judge Ware committed clear error in denying their Motion for Leave to Amend. First, Plaintiffs dispute Judge Ware's ruling that focusing this case on price fixing would dramatically alter the nature of the case because "the Fifth Amended Complaint, as well as prior complaints, refer to price fixing several times." Mot. to Vacate at 17. As such, Plaintiffs maintain that this latest proposed complaint simply eliminated the parts quality claim in response to Judge Ware's denial of class certification on this basis while carrying forward the price fixing claim. *See id*. at 16-18. Because a claim was simply discarded, not added, Plaintiffs maintain that there is no prejudice to Defendants. *Id.* at 23. Consequently, Plaintiffs argue, the Motion for Leave to Amend their Fifth Amended Complaint should have been granted as a matter of course.

Additionally, Plaintiffs argue that Judge Ware applied the wrong "futility" standard because an amendment is futile not merely because it is "likely to be dismissed," but rather if it "it appears *beyond doubt*" that the claims "could not survive a motion to dismiss." *Id*. at 19 (citing *Greer v. Lockheed Martin*, No. 10-1704, 2011 WL 1793379, at *3 (N.D. Cal. May 11, 2011)). Here, Plaintiffs contend that the price fixing conspiracy claims are not futile because the allegations rise above a "naked assertion of conspiracy" and, further, there is "ample circumstantial evidence that Defendants engaged in precisely the conspiracy alleged." Mot. to Vacate at 20-21.

The Court does not find that Plaintiffs have established that Judge Ware clearly erred when denying Plaintiffs leave to file a *sixth* amended complaint. The Court is not persuaded by

Case No.: 06-CV-01962-LHK
DENYING PLAINTIFFS' MOTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60, 52

Plaintiffs' attempt to reframe this case as one that, from the commencement of litigation in 2006, contained two separate and independent claims.  Judge Ware, as noted above, considered the theory that Plaintiffs re-allege here and found that, from the outset of litigation through the Fifth Amended Complaint, Plaintiffs' allegations were dependent on proof related to part quality.  *See* Aug. 29, 2012 Order at 5-6.  Indeed, the Fifth Amended Complaint begins, in a section entitled "Nature of the Action," by premising Plaintiffs' claims on the allegation that "Defendants have unlawfully conspired to provide *low quality* automobile repair in California to increase their profits."  5AC ¶ 1.  Thus, Plaintiffs' own description of the "Nature of the Action" in the Fifth Amended Complaint undercuts their argument that they have always alleged a "price-fixing" conspiracy claim that is completely disconnected from Defendants' use of inferior repair parts.  Moreover, the Court finds it significant that Judge Ware specifically asked Plaintiffs at the first class certification hearing whether he should consider certifying a class that was not contingent upon part quality, and Plaintiffs declined that opportunity.  *See* Aug. 29, 2012 Order at 6 (citing Tr. of April 30, 2012 at 19:20-22:25, ECF No. 613).  As such, the Court finds no clear error in Judge Ware's assessment of Plaintiffs' claims that warrant amending or vacating Judge Ware's August 29, 2012 Order based on Rule 52.[4]

In addition, the Court finds that Plaintiffs have failed to demonstrate that Judge Ware's Order denying Plaintiffs leave to amend included a "mistake" pursuant to Federal Rule of Civil Procedure 60(b)(1), or amounted to "extraordinary circumstances" warranting the correction of "manifest injustice," as mandated by Federal Rule of Civil Procedure 60(b)(6).  Judge Ware

---

[4]  Similarly, the Court is not convinced by Plaintiffs' contention that the Ninth Circuit held that Plaintiffs' claim was about price fixing and not parts quality.  *See* Mot. to Vacate at 3-5.  This is not the case.  The Ninth Circuit did indeed hold that "[t]he injury alleged—anticompetitive prices charged to all policy holders regardless of whether any particular insured ever has a repair need—is sufficient to confer constitutional standing."  *Perez v. State Farm Mut. Auto Ins. Co.*, 319 Fed. Appx. 615, 617 (9th Cir. 2009).  The Ninth Circuit, however, never asserted that part quality was wholly irrelevant.  Indeed, the Ninth Circuit noted that, "Plaintiffs allege that [D]efendants violated California antitrust law *by conspiring to thwart competition over, and deceive [P]laintiffs with respect to, repair coverage quality*."  *Id.* (emphasis added).  According to the Ninth Circuit, the conspiracy to deceive with respect to repair coverage quality caused the increase in premiums that constituted the injury-in-fact.  *Id.*

Case No.: 06-CV-01962-LHK
DENYING PLAINTIFFS' MOTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60, 52

exercised his broad discretion when finding that Defendants would be unduly prejudiced by granting Plaintiffs leave to file a Sixth Amended Complaint after over six years of litigation and several prior opportunities to amend, particularly in light of the substantive revisions Plaintiffs sought to make in their proposed Sixth Amended Complaint.  As the Ninth Circuit noted in *Mir v. Fosburg*, 646 F.2d 342 (9th Cir. 1980), "[t]he district court has discretion in deciding whether the late shift in the thrust of [a] case will unfairly prejudice the defendants in their defense." *Id.* at 347 (internal quotation marks and citation omitted).  "This principle also finds expression in the rule that a district court has broad discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint[.]" *Id.* at 347.

While Plaintiffs dispute Judge Ware's application of the "futility" and "prejudice" standards that Judge Ware employed in this case, *see* Mot. to Vacate at 22-23, Plaintiffs criticisms do not rise to the level of demonstrating clear legal error or manifest injustice.  Accordingly, the Court DENIES Plaintiffs' Motion to Vacate Judge Ware's Order Denying Leave to Amend and to Set Aside or Amend Findings pursuant to Federal Rules of Civil Procedure 52 and 60.

### B.     Motion to Vacate Order Denying Reconsideration of Class Certification

Plaintiffs next assert that Judge Ware's Order denying class certification should be vacated and class certification should be reconsidered on the existing full record.  Mot. to Vacate at 15. Notably, Plaintiffs already filed a Motion for Leave to File a Motion for Reconsideration of Judge Ware's denial of class certification, *see* ECF No. 663, which Judge Ware then denied for failure to satisfy the requirements of Civil Local Rule 7-9(b).  *See* Aug. 29, 2012 Order at 9-10; *see* Civil L.R. 7-9(b) (requiring that the moving party seeking reconsideration show "new material facts or a change of law occurring after the time of such order," or "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.").  Plaintiffs' Motion to Vacate Judge Ware's Order Denying Class Certification—which is effectively a request to reconsider Judge Ware's denial of reconsideration—fails to satisfy the heightened standards required for warranting the relief Plaintiffs request pursuant to Federal Rules of Civil Procedure 52 and 60.

Case No.: 06-CV-01962-LHK
DENYING PLAINTIFFS' MOTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60, 52

**United States District Court**
For the Northern District of California

Plaintiffs specifically seek to vacate Judge Ware's July 19, 2012 Order Denying Class Certification, as well as his August 29, 2012 Order denying Plaintiffs' Motion for Leave to File a Motion for Reconsideration, due to Judge Ware's alleged failure to make sufficient findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 23. *See* Mot. to Vacate at 15. "For a class to be certified, a plaintiff must satisfy each prerequisite of Rule 23(a) of the Federal Rules of Civil Procedure and must also establish an appropriate ground for maintaining class actions under Rule 23(b)." *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011) (citing *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010)). Rule 23(a) provides that a district court may certify a class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

While Rule 52(a)(3) does not require a court to state findings of fact or conclusions when ruling on a motion "unless these rules provide otherwise," *see* Fed. R. Civ. P. 52(a)(3), Plaintiffs contend that Rule 23(a) and (b) do so require. *See* Mot. to Vacate at 12. Here, Plaintiffs characterize the extent of Judge Ware's class certification findings as merely a "one-sentence denial of class certification at the end of an evidentiary order" in Judge Ware's July 19, 2012 Order. Mot. to Vacate at 9. According to Plaintiffs, "[a]llowing this one-sentence class determination to stand would make a dead letter of the Court of Appeals' direction *en banc* requiring heightened and careful class findings." Mot. to Vacate at 15 (citing *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 580 (9th Cir. 2010) (en banc), *rev'd by* --- U.S. ---, 131 S.Ct. 2541 (2011)).

The Court disagrees with Plaintiffs' characterization of Judge Ware's July 19, 2012 Order denying class certification. By analyzing the July 19, 2012 Order divorced from its context, Plaintiffs understate the extent to which Judge Ware considered Rule 23 class certification requirements. Notably, in his earlier May 2, 2012 Class Certification Order, Judge Ware explained that, "in light of the fact that Plaintiffs have not produced a methodology for determining which

16

**United States District Court**
For the Northern District of California

categories of parts should qualify as inferior, the Court finds that *Plaintiffs have not met their burden of establishing commonality or predominance*." July 19, 2012 Order at 4 (emphasis added). Additionally, Judge Ware found that, "because the class definition proposed by the Plaintiffs incorporates the idea of part inferiority, *the class is not readily ascertainable*." *Id.* (emphasis added). Consequently, Judge Ware denied Plaintiffs' Renewed Motion for Class Certification as premature and without prejudice to renew. He then "reopened discovery for the limited purpose of allowing Plaintiffs to proffer an expert on the subject of which categories of non-OEM parts are inferior to OEM parts, and to provide Defendants with sufficient time to rebut such an expert." *Id.*

After Plaintiffs were afforded the opportunity to conduct discovery to cure the deficiencies that constituted the basis of the May 2, 2012 Order, but were unable to do so, Judge Ware excluded Plaintiffs' expert testimony, leaving them with "no admissible methodology for categorizing parts, *as was required by the May 2 Order*." July 19, 2012 Order at 12 (emphasis added). Thus, in his July 19, 2012 Order, Judge Ware incorporated the reasoning from his May 2 Order—which related explicitly to commonality, predominance, and ascertainability—into his ultimate denial of Class Certification. *See id.*[5] Then, in his August 29, 2012 Order, as explained above, Judge Ware found

---

[5] As further evidence that Judge Ware's July 19, 2012 Order was intended to build off of the reasoning set forth in the earlier Class Certification Order, Jude Ware explained in the "Background" section of the July 19, 2012 Order his reasoning for denying Plaintiffs' Motion for Class Certification on May 2, 2012 as follows:

> In its May 2 Order, the Court found that Plaintiffs had not satisfied their burden of establishing *commonality*, because Plaintiffs had not yet put forward a method of ascertaining which categories of non-OEM parts were generally inferior to OEM parts. The Court found that under the Ninth Circuit's decision in *Ellis v. Costco*, [657 F.3d 970 (9th Cir. 2011)], it could not certify a class without first conducting a 'rigorous analysis' of the evidence and methodology put forth by Plaintiffs to establish commonality. Because Plaintiffs had not articulated a methodology for determining part inferiority . . . the Court found that it was unable to engage in the scrutiny required by *Ellis*.

July 21, 2012 Order at 3. Judge Ware then proceeded to analyze Defendants' Motion to Exclude before Plaintiffs' Second Renewed Motion for Class Certification, reasoning that "Defendants' Motion to Exclude may be dispositive of both motions." *Id.* at 4. After conducting a thorough analysis of the admissibility of Plaintiffs' expert and finding that "the process employed by Mr. Wood does not constitute a replicable methodology, and thus is not sufficiently reliable to be admissible under *Daubert*," Judge Ware granted Defendants' Motion to Exclude and the denied Plaintiffs' Motion for Class Certification. *Id.* at 12.

that Plaintiffs failed to identify any changes in material facts or clear errors of law sufficient to

justify granting leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9(b).  As

such, considering the July 19, 2012 Order in its full context, the Court does not agree with

Plaintiffs' premise that Judge Ware failed to provide reasons for his denial of class certification.[6]

   Thus, the Court does not find clear error, mistake, or manifest injustice pursuant to Rules 52

and 60 to warrant reconsidering or vacating  either Judge Ware's August 29 Order Denying

Plaintiffs' Motion for Leave to File a Motion for Reconsideration or his underlying July 19, 2012

Order.  Accordingly, Plaintiffs' Motion to Vacate or Set Aside or Amend Judge Ware's Order

Denying Class Certification is DENIED.[7]

### C.  Summary Judgment

   Finally, Plaintiffs argue that Judge Ware's grant of summary judgment to Defendants

constituted clear error.  Summary judgment is appropriate if, viewing the evidence and drawing all

---

[6] Additionally, the Court is not persuaded by Plaintiffs' argument that Rule 23 requires a district court to make specific findings of fact or conclusions of law pursuant to Rule 52.  *See* Fed. R. Civ. P. 52(a)(3) (stating that a "court is not required to state findings or conclusions when ruling on motion under Rule 12 or 56 or . . . *any* other motion" unless "these rules provide otherwise").  Though the Ninth Circuit does not appear to have considered this issue directly, the Third Circuit did with regard to Rule 23(b)(3).  *See Interpace Corp. v. City of Philadelphia*, 438 F.2d 401, 404 (3d Cir. 1971).  Specifically, the Third Circuit held that, "We cannot read Rule 23(b)(3) as impliedly creating a specific exception to the clear language of Rule 52(a) . . . The language in question refers merely to the preliminary determinations the court must make before deciding the class action issue and does not require an express, objective articulation of those determinations." *Interpace Corp.*, 438 F.2d at 404.  Furthermore, it would make little sense, particularly given concerns of judicial economy, to require a court to make a finding regarding each Rule 23 requirement when denying class certification because "[f]ailure of any one of Rule 23's requirements destroys the alleged class action."  *Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 673 (9th Cir. 1975) (citing *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 561 (2d Cir. 1968)).  Thus, if a Plaintiff does not meet one of the Rule 23 requirements, it is not clear that a district court commits legal error by declining to make findings related to the remaining factors.  Indeed, there may be circumstances, as in this case, where a court does not even find it possible to make certain Rule 23 findings due to deficiencies in a party's showing.

[7]  Plaintiffs also argue that Judge Ware's failure to make the required class findings constitutes a denial of procedural due process and thus is void under Rule 60(b)(4).  They maintain that "due process values are not honored by the Court's failure to give reasons for its decision extinguishing 'with prejudice' millions of class claims."  Mot. to Vacate at 24.  Because we find that Judge Ware offered sufficient justification for his decision, and because he was under no obligation to make findings related to each Rule 23 requirement, we cannot say that Judge Ware denied Plaintiffs their right to due process.

Case No.: 06-CV-01962-LHK
DENYING PLAINTIFFS' MOTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60, 52

reasonable inferences in the light most favorable to the nonmoving party, there are no genuine disputed issues of material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In a motion for summary judgment, the moving party has the burden of demonstrating the absence of a genuine issue of fact for trial.  *Celotex Corp.*, 477 U.S. at 323.  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (citation omitted).  Once the moving party has satisfied its initial burden of production, the burden shifts to the nonmoving party to show that that there is a genuine issue of material fact.  *Id*. at 1103.

Here, Defendants moved for summary judgment on the basis that there was no genuine dispute that Plaintiffs failed to produce admissible evidence necessary to prove an essential element of their claims – *i.e.*, evidence identifying those categories of non-OEM and salvage repair parts that are allegedly inferior to their OEM counterparts.  *See* Opp'n Mot. for Summ. J. Relief at 7; *see also* Defs.' Mot. Summ. J, ECF No. 671.  Defendants argued that this proof was necessary for Plaintiffs to establish the alleged conspiracy, antitrust injury flowing from that conspiracy, and a measurable amount of restitution, because:

> (i) Defendants are alleged to have conspired to deceive the public as to the quality of purportedly inferior non-OEM and salvage automobile parts to prevent competition between insurers based on the quality of repairs provided under their automobile insurance policies; and (ii) the regression models Plaintiffs' antitrust injury, damages, and restitution expert proposes to use "can only function if another expert tells him which categories of non-OEM parts are inferior to OEM parts."

*Id*. at 1 (quoting Judge Ware's May 2 Order Denying Class Certification, at 3, which states that "Plaintiffs' damages expert [Dr. Noll] acknowledges that his regression analysis can only function if another expert tells him which categories of non-OEM parts are inferior to OEM parts.").  By virtue of Judge Ware's decision to exclude the testimony of Mr. Wood, which constituted the only evidence proffered by Plaintiffs for establishing inferior parts categories, Plaintiffs' economics expert, Dr. Noll, could not offer an opinion on antitrust "impact" or damages.  Judge Ware agreed

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   with Defendants, and granted their Motion for Summary Judgment "because Plaintiffs have not

2   proffered an admissible methodology for determining which non-OEM parts are inferior to OEM

3   parts." Aug. 29, 2012 Order at 11.

4         Plaintiffs contend—as with Plaintiffs' other motions—that when granting summary

5   judgment to Defendants, Judge Ware failed to recognize the distinct nature of Plaintiffs' price

6   fixing damages claims by focusing only on Plaintiffs' claims of a conspiracy not to compete as to

7   parts quality. Mot. for Summ. J. Relief at 2. As such, Plaintiffs argue that Judge Ware's

8   "misreading of the complaint to require proof of parts inferiority . . . constitutes a mistake

9   justifying vacating summary judgment under Rule 60(b)(1)" as well as manifest injustice under

10  Rule 60(b)(6). *Id*. at 16. In addition, Plaintiffs maintain that, "under Rule 52(a)(6) and Rule 52(b)

11  a finding of fact that such proof is necessary . . . is clearly erroneous and amendment of the Order

12  to remove this erroneous finding effectively vacates the judgment as well." *Id*. The Court

13  disagrees.

14        To the extent that Judge Ware granted summary judgment based on an understanding that,

15  to prevail on Plaintiffs' allegations at trial, Plaintiffs would need some means of categorizing and

16  distinguishing parts based on their quality, the Court finds no clear error for the reasons already

17  discussed in Part III.A and Part III.B *supra*. Moreover, the Court finds persuasive Plaintiffs'

18  concessions regarding the parts-quality conspiracy, which Judge Ware emphasized when finding

19  that Plaintiffs' failure to produce an admissible methodology was "equally fatal to Plaintiffs'

20  individual, as well as class, claims." *See* Aug. 29, 2012 Order at 11. Specifically, when granting

21  summary judgment in favor of Defendants, Judge Ware highlighted Plaintiffs' acknowledgment

22  "throughout this litigation" that in order to prevail at trial Plaintiffs "must succeed in demonstrating

23  that certain categories of non-OEM parts create 'a substantial probability of unsafe and inferior

24  repair." *Id*. (citing, as an example, ECF No. 503, at 4). Second, Judge Ware quoted Plaintiffs'

25  Motion for Class Certification, in which Plaintiffs stated that, to demonstrate "antitrust price injury

26  to class members from a conspiracy keeping premiums high (by not passing through the savings

27  from use of cheaper parts), Plaintiffs must show at trial that there is a 'substantial probability' that

28  the imitation and salvage parts used by Defendants on class members' vehicles . . . 'significantly

20

1    lessen the quality of the automobile's repair . . . than would be experienced over the life of a high-

2    quality OEM repair part.'" *Id.* (quoting ECF No. 503 at 4). Finally, Judge Ware emphasized

3    Plaintiffs' concession, in their Opposition to Summary Judgment, that the exclusion of Mr. Wood's

4    expert testimony "effectively would prevent Plaintiffs from proving [the part-quality] conspiracy at

5    trial." *Id.* In light of these findings, the Court finds no clear error, mistake, or manifest injustice in

6    Judge Ware's grant of summary judgment to warrant relief pursuant to Rules 52 or 60.

7         Plaintiffs also contend that Judge Ware erred by: (1) inviting a summary judgment motion

8    during a hearing on whether Plaintiffs' individual claims could proceed despite the fact that

9    Plaintiffs had filed a motion for leave to amend; (2) deciding the summary judgment motion on a

10   shortened time and without a hearing, and (3) declining to afford Plaintiffs an opportunity to pursue

11   discovery pursuant to Rule 56(d), before granting summary judgment on the price fixing claim.

12   *See* Mot. for Summ. J. Relief at 2. None of these arguments warrant granting Plaintiffs relief from

13   summary judgment pursuant to Federal Rules of Evidence 52 or 60.

14        First, Plaintiffs cite to no authority prohibiting a district court judge from inviting the filing

15   of a dispositive motion. In fact, as the Ninth Circuit sitting *en banc* stated in *Norse v. City of Santa*

16   *Cruz*, 629 F.3d 966 (9th Cir. 2010) (en banc), "[d]istrict courts unquestionably possess the power

17   to enter summary judgment sua sponte, even on the eve of trial." *Id.* at 971; *see also* Fed. R. Civ.

18   P. 56(f)(3) ("After giving notice and a reasonable time to respond, the court may . . . consider

19   summary judgment on its own after identifying for the parties material facts that may not be

20   genuinely in dispute."). Second, pursuant to Civil Local Rules 6-3(d), and 7-1(b), a district court

21   judge may determine a motion on an expedited basis and without oral argument in his or her

22   discretion. *See* Civil L.R. 6-3(d) ("After receiving a motion to enlarge or shorten time and any

23   opposition, the Judge may grant, deny, modify the requested time change or schedule the matter for

24   additional briefing or a hearing."); Civil L.R. 7-1(b) ("In the Judge's discretion . . . a motion may

25   be determined without oral argument"). Further, for the reasons discussed in Part III.A *supra*,

26   Judge Ware did not clearly err in denying Plaintiffs leave to amend to file a Sixth Amended

27   Complaint in this case. However, to the extent that timing is relevant, Judge Ware ruled on

28

United States District Court
For the Northern District of California

1    Plaintiffs' Motion to Amend *before* ruling on Defendants' Motion for Summary Judgment in his

2    August 29, 2012 Order.  *Compare* Aug. 29, 2012 Order at 4-9, *with id*. at 10-11.

3           In addition, Judge Ware denied Plaintiffs' request to take additional discovery pursuant to

4    Federal Rule of Civil Procedure 56(d), finding that it would prove futile "[b]ecause Plaintiffs

5    concede that they cannot prove the part-quality conspiracy at trial without Mr. Wood's testimony."

6    Aug. 29, 2012 Order at 11 n.36.  Pursuant to Rule 56(d), a court may allow further discovery "[i]f a

7    nonmovant shows . . . that, for specified reasons, it cannot present facts *essential* to justify its

8    opposition."  Fed. R. Civ. P. 56(d)(emphasis added).  Plaintiffs contend that their Request for

9    Permission to Take Discovery Under Rule 56 should have been granted before summary judgment

10   was entered given what Plaintiffs maintain was "a barely developed factual record," *see* Mot. for

11   Summ. J. Relief at 18.  However, as Defendants note, Plaintiffs' Rule 56(d) request did not seek to

12   propound any discovery that would have allowed them to establish a methodology for identifying

13   "inferior" parts.  *See* ECF Nos. 679 & 680 (setting forth Plaintiffs' discovery requests as including

14   topics such as "Defendants' policies regarding specification of non-OEM parts in estimates

15   provided to their customers;" "[t]he extent to which Defendants have market power;" and

16   "[w]hether and to what extent Defendants have conspired.").  Accordingly, Plaintiffs did not

17   sufficiently demonstrate why their requests for discovery were "essential" to their opposition.[8]

18          Considering all of Plaintiffs' arguments, the Court finds that Plaintiffs are unable to point to

19   any clear error, mistake, or manifest injustice present in Judge Ware's Order which warrants

20   granting Plaintiffs relief from summary judgment or an amendment of findings pursuant to Federal

21   Rules of Civil Procedure 60 and 52.  Accordingly, Plaintiffs' Motion for Relief from Summary

22   Judgment and to Set Aside or Amend Findings is therefore DENIED.

23   _____

24   [8] Additionally, Plaintiffs argue that the parties' economic experts agree that there is no issue of
     material fact that proof of price fixing collusion does not require proof of parts inferiority.  *See*

25   Mot. for Summ. J. Relief at 20.  Consequently, Plaintiffs maintain that "it was clearly erroneous for
     the Court to conclude that Plaintiffs' price fixing claim could not proceed without proof of parts

26   inferiority under the injunctive claim."  *Id*.  However, Defendants dispute Plaintiffs' representation,
     arguing that Plaintiffs take a statement from Dr. Rubinfeld, Defendants' expert, entirely out-of-

27   context.  *See* Opp'n to Mot. to Vacate at 16.  Moreover, whether Defendants' expert agrees with
     Plaintiffs is immaterial because it is for the Court to determine what Plaintiffs' complaint claimed
     and what evidence was sufficient to prove those claims.  Consequently, the Court does not find this

28   argument to be persuasive.

Case No.: 06-CV-01962-LHK
DENYING PLAINTIFFS' MOTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60, 52

**IV.      CONCLUSION**

          For the reasons set forth above, the Court DENIES Plaintiffs' Motion to Vacate the Orders

Denying Class Certification and Leave to Amend, and Plaintiffs' Motion for Relief from Summary

Judgment pursuant to Federal Rules of Civil Procedure 60 and 52.

**IT IS SO ORDERED.**


Dated:  June 21, 2013                                 _Lucy H. Koh_

                                                     LUCY H. KOH
                                                     United States District Judge

Case No.: 06-CV-01962-LHK
DENYING PLAINTIFFS' MOTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60, 52