**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JAN 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARAH PEREZ, et al.,<br><br>        Plaintiffs - Appellants,<br><br>v.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY, an Illinois corporation; et al.,<br><br>        Defendants - Appellees. | No. 13-16450<br><br>D.C. No. 5:06-cv-01962-LHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted October 19, 2015
San Francisco, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Plaintiffs-Appellants ("Plaintiffs"), on behalf of themselves and similarly

situated California residents, appeal the district court's (1) denial of class

certification, (2) grant of summary judgment in favor of Defendants-Appellees

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

("Defendants"), and (3) denial of leave to file a Sixth Amended Complaint.   We affirm.

1.     The district court did not abuse its discretion in denying Plaintiffs' motion for class certification.  The Fifth Amended Complaint centered around the allegation that, although Defendants promised their customers high quality, original equipment manufacturer ("OEM") parts, in fact they conspired to provide low-quality, non-OEM parts.  Further, Plaintiffs defined the classes to include customers who purchased policies where these inferior parts were sometimes used. Plaintiffs, however, failed to produce any evidence of inferior parts.  Plaintiffs' sole expert on parts quality, Allen Wood, stated in his declaration that categories of inferior parts *could* be identified at trial by an expert other than himself.  The district court therefore granted Defendants' *Daubert* motion to exclude Wood's testimony, and Plaintiffs have not appealed that decision.

2.     Given the complete lack of evidence on parts quality, the district court did not abuse its discretion in concluding that it could not conduct a "rigorous analysis" of commonality.  *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011) ("When considering class certification under Rule 23, district courts . . . must perform 'a rigorous analysis [to ensure] that the prerequisites of Rule 23(a) have been satisfied.'" (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S.

2

Ct. 2541, 2551 (2011))).  Although the Rule 23(a) requirements, including

commonality, "have been construed permissively, . . . it is insufficient to merely

allege any common question."  *Id.* at 981 (internal quotation marks omitted).

Instead, Plaintiffs "must pose a question 'that will produce a common answer to

the crucial question *why was I disfavored*.'"  *Id.* (quoting *Wal-Mart*, 131 S. Ct. at

2552).  That is because "[w]hat matters to class certification is not the raising of

common 'questions' . . . but, rather the capacity of a classwide proceeding to

generate common *answers* apt to drive the resolution of the litigation."  *Id.*

(quoting *Wal-Mart*, 131 S. Ct. at 2551).  Here, Plaintiffs provided no evidence at

all on the "crucial question" of parts quality.  *Id.*  And "[i]f there is no evidence

that the entire class" purchased policies where inferior parts were used, there is no

"common question that will connect many individual [insurance] decisions to their

claim for class relief."  *Id.*  Thus, the district court's conclusion that Plaintiffs

failed to meet their burden to show commonality was not an abuse of discretion.

**3.**     Plaintiffs also argue that the district court was required by Federal Rule of

Civil Procedure 52 to make separate findings and conclusions of law on each of the

Rule 23(a) requirements.  Rule 52(a)(3) provides, however, that a "court is not

required to state findings or conclusions when ruling on a motion under Rule 12 or

3

56 or . . . any other motion" unless "these rules provide otherwise."  There is no such requirement in Rule 23.

**4.**    The district court did not err when it granted summary judgment to Defendants on the putative class representatives' individual claims.  The same lack of evidence on parts quality that doomed the motion for class certification likewise required judgment against the individual class representatives as a matter of law.

**5.**    Finally, the district court did not abuse its discretion in denying Plaintiffs' motion for leave to file a Sixth Amended Complaint.  The proposed Sixth Amended Complaint, with its pure price-fixing allegations, represented a substantial change from the Fifth Amended Complaint, which described a conspiracy focused on the use of unsafe, inferior parts.  The district court reasonably concluded that requiring Defendants to defend against Plaintiffs' new theory would result in unfair prejudice.

   **AFFIRMED.**